# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLAGEN NUTRACEUTICALS, INC., a California Corporation<br><br>                              Plaintiff,<br>vs.<br><br>NEOCELL CORPORATION, a California Corporation; FATMA BOUKHARI, an individual; AKRAM QUADRI, an individual; SARAH QUADRI, an individual; DARREN RUDE, an individual; MICHAEL NASSER, an individual dba MFN PHARMACEUTICAL CONSULTING SERVICES, and DOES 1-20, Inclusive,<br><br>                            Defendants. | CASE NO. 09cv2188 DMS (WVG)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR CONTINUANCE AND (2) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**[Docket Nos. 22, 24, and 25]** |

This matter comes before the Court on Defendants' motion for summary judgment. Plaintiff's opposition to the motion consisted of a motion for denial or continuance of Defendants' motion under Federal Rule of Civil Procedure 56(f). Defendants filed a reply to Plaintiff's opposition, and a separate opposition to Plaintiff's motion for continuance. For the reasons set out below, the Court grants Plaintiff's motion and denies Defendants' motion without prejudice.

/ / /

/ / /

/ / /

# I.

# FACTUAL BACKGROUND

Plaintiff Collagen Nutraceuticals, Inc., ("Collagen") is owned and controlled by Ahmad Alkayali ("Alkayali"). Alkayali was a shareholder of another company called Smarter Beauty. In 1998, Alkayali arranged for Defendant Akram Quadri to purchase Smarter Beauty. In connection with that purchase, Quadri and his wife Fatma Boukhari formed Defendant Neocell Corporation. Pursuant to Alkayali's request, Quadri made Alkayali and his wife 50% shareholders in Neocell. Thereafter, Alkayali sold Smarter Beauty to Neocell.

On January 1, 2002, Alkayali and his wife relinquished their ownership interest in Neocell in exchange for Alkayali becoming a consultant for the corporation. In October of 2008, Defendant Neocell discharged Alkayali from his consultant position. Alkayali objected to his termination and claimed that he still possessed an ownership interest in Neocell. Neocell then filed suit against Alkayali in state court. The state court issued a preliminary injunction against Alkayali, and after a jury trial, ruled that Quadri and Boukhari were the sole owners and shareholders of Neocell.

Four months after that ruling, Plaintiff filed the present case against Neocell, Quadri, Boukhari, their daughter, Sarah Quadri, Darren Rude and Michael Nasser alleging the following claims for relief: (1) Federal Trademark Infringement 15 U.S.C. § 1114; (2) Federal Unfair Competition 15 U.S.C. § 1125(a); (3) Federal Unfair Competition - Lanham Act § 43(a)(1)(B); (4) False Designation of Origin and Description §§ 1114, 1125(a); (5) False Marking of Patent 35 U.S.C. § 292; (6) Contributory Trademark Infringement; (7) Inducing Trademark Infringement; (8) Unfair Competition under California Common law; and (9) Unfair Competition under Cal. Bus. & Prof. Code § 17500. The basis for these claims is Plaintiff's belief that Defendants are using Plaintiff's trademarks on their products without Plaintiff's permission.

# II.

# DISCUSSION

The focal point of Defendants' motion for summary judgment is that Plaintiff lacks legal and factual grounds for bringing its claims against the individual Defendants. Plaintiff disputes this assertion, and argues the motion should be denied or continued so it may obtain additional discovery.

Federal Rule of Civil Procedure 56(f) provides:

> If a party opposing [a motion for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

Fed. R. Civ. P. 56(f). Under Rule 56(f), "[t]he burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) (citing *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 920 (9th Cir. 1996)). *See also Hall v. Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986) (stating that the burden is on the non-moving party to show what material facts would be discovered that would preclude summary judgment). To meet this burden, the party opposing summary judgment must file an affidavit specifying: (1) the specific facts that party hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to opposing summary judgment. *Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp.* 525 F.3d 822, 827 (9th Cir. 2008) (citation omitted); *see also Tatum v. San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). When a summary judgment motion "is filed so early in the litigation, before a party has had a realistic opportunity to pursue discovery related to the theory of the case, district courts should grant any 56(f) motion fairly freely." *Burlington Northern Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-774 (9th Cir. 2003). Continuance of a motion for summary judgment for the purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence. *Id.* (citations omitted).

### A.     The Specific Facts Sought from Further Discovery

Plaintiff seeks discovery regarding the current managerial structure of Defendant Neocell. In addition, Plaintiff seeks to depose individual officers of Neocell regarding their communications and knowledge of facts related to trademark infringement and unfair business practices. Plaintiff references specific events that the individual Defendants were likely aware of and which allegedly evidence Neocell's misconduct: (1) Were individual Defendants aware that Neocell mislabeled its

1  products with Plaintiff's marks; (2) Were individual Defendants aware of Plaintiff's cease and desist
2  letter regarding its marks; (3) Which individual Defendants were responsible for the press release
3  mentioning Plaintiff's marks in relation to Neocell's products. The discovery plan is calculated toward
4  generating facts regarding who made important decisions or acted as a compelling force in making
5  decisions that led to Defendants' alleged misuse of Plaintiff's marks.

6  **B.    Why the Sought-After Facts Exist**

7  Plaintiff posits three facts that likely confirm the existence of the information it seeks in
8  discovery. First, Plaintiff Alkayali contends that his previous position as CEO of Neocell confirms
9  that the individual Defendants possessed management roles, partook in operational meetings, and were
10 part of the decision making process at Neocell. Second, Plaintiff's counsel submitted the written cease
11 and desist letter informing Defendant that it was misappropriating Plaintiff's marks. Lastly,
12 Defendants' October 6, 2009 press release makes direct reference to Plaintiff's marks. Together these
13 facts suggest that there is a credible foundation for Plaintiff's discovery requests.

14 **C.    Why the Sought-After Facts are Essential to Plaintiff's Opposition**

15 Plaintiff must demonstrate that the facts sought in discovery are essential to opposing
16 Defendants' summary judgment motion. "A corporate officer or director is, in general, personally
17 liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he
18 acted as an agent of the corporation and not on his own behalf." *Committee for Idaho's High Desert,*
19 *Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996) (quoting *Transgo, Inc. v. Ajac transmission Parts Corp.*,
20 768 F.2d 1001, 1021 (9th Cir. 1985)). This is true in trademark infringement and unfair trade
21 practices cases. *Peaceable Planet, Inc. v. Ty, Inc.*, 362 F.3d 986, 994 (7th Cir. 2004); *Polo Fashions,*
22 *Inc. v. Craftex, Inc.*, 816 F.2d 145, 149 (4th Cir. 1987) (citing *Transgo, Inc.*, 768 F.2d at 1021); *HIT*
23 *Entm't, Inc. v. Nat'l Disc. Costume Co.*, 552 F. Supp. 2d 1099, 1106 (S.D. Cal. 2008); *see also Jada*
24 *Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 631-32 (9th Cir. 2007); *Playboy Enters. v. Netscape*, 354 F.3d
25 1020, 1024 (9th Cir. 2004) (federal claims under 15 U.S.C. §§ 1114(1) and 1125(a) and state law
26 claims for unfair competition under California common law and California Business and Professions
27 Code § 17200 are subject to the same test). Thus, personal liability can be established if an officer
28 is a moving, active, conscious force behind the defendant corporation's infringement. *Microsoft Corp.*

1  *v. Suncrest Entm't*, No. C 03-5424 JF (HRL), 2006 U.S. Dist. Lexis 32824, at *19 (N.D. Cal. May 16,
2  2006).

3  Although Plaintiff does not state specifically how each piece of the discovery will aid it in its
4  opposition, it is likely that the discovery sought by Plaintiff will shed light on who was aware and who
5  made decisions regarding events that allegedly resulted in trademark infringement, false advertising
6  and unfair competition violations.

7  Similarly, Plaintiff alleges that it needs additional discovery to determine whether any of the
8  individual Defendants named in the complaint could be considered alter egos of Neocell. While the
9  "alter ego" doctrine does not form the basis of a separate cause of action, it is a means of imposing
10 liability for an established cause of action. *Local 159 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 985
11 (9th Cir. 1999).

12 Here, Plaintiff seeks to discover corporate records, information regarding capitalization,
13 information regarding corporate accounts, and the structure and minutes of weekly meetings. As
14 stated earlier, Alkayali's previous position as CEO of Neocell strengthens the likelihood that such
15 documents and facts exist. The factors to be considered in determining whether the alter ego doctrine
16 applies include the commingling of funds and other assets, ownership and control of the corporation
17 by the individual, inadequate capitalization, disregard of corporate formalities, and a lack of
18 segregation of corporate records. *Kingsburg Apple Packers, Inc. v. Ballantine Produce Co., Inc.*, No.
19 1:09-CV-901-AWI (JLT), 2010 U.S. Dist. Lexis 71968, at *15-*16 (E.D. Cal. July 16, 2010); *see*
20 *Sonora Diamond Corp. v. Superior Court of Tuolumme County*, 83 Cal. App. 4th 523, 538-39 (2000).
21 Therefore, Plaintiff's discovery requests are capable of uncovering facts that could suggest that
22 Neocell was managed by an informal corporate structure, involving the direct and willful guidance
23 of individual Defendants, justifying application of the "alter ego" doctrine. Thus, it is likely that
24 Plaintiff's discovery requests could manifest facts essential to Plaintiff's opposition.

25 **D.     Delay**

26 Finally, a Rule 56(f) motion is not justified where a party has had sufficient time to conduct
27 the discovery that it claims it needs. *Beneficial Standard Life Ins. Co. v. Madariaga*, 851 F.2d 271,
28 277 (9th Cir. 1988). Defendants contend that Plaintiff failed to actively and diligently pursue

discovery. Specifically, Defendants argue that Plaintiff has had sufficient time to conduct the discovery it now seeks.

The docket reveals that Magistrate Judge William V. Gallo scheduled the 26(f) conference to be completed no later than March 29, 2010. (Docket No. 16.) Parties are not allowed to conduct formal discovery until after the 26(f) conference. Less than two weeks later Defendants sought, and Judge Gallo issued, a protective order. (Docket No. 19.) Two months later Defendants filed their motion for summary judgment. Thus, Plaintiff had a little over two months to conduct formal discovery.

Defendants contend that discovery conducted in the prior litigation, including deposition transcripts allegedly offered to Plaintiff by Defendants, makes the current request for discovery duplicative, and in turn incapable of supporting a 56(f) motion. However, the prior litigation was premised on determining ownership of the company, while the current action is premised on trademark infringement. Although some discovery sought by Plaintiff, specifically that pertaining to the "alter ego" doctrine, may have been produced in prior litigation, information about the present claims was not.

### III.
### CONCLUSION

After reviewing the Rule 56(f) factors, the Court grants Plaintiff's motion, and denies Defendants' motion without prejudice.

**IT IS SO ORDERED**.

DATED: August 4, 2010

HON. DANA M. SABRAW
United States District Judge