Steven C. Smith, Esq. SBN 116246
John S. Clifford, Esq. SBN 172263
Mark T. Kearney, Esq. SBN 219707
SMITH, CHAPMAN & CAMPBELL
A Professional Law Corporation
1800 North Broadway, Suite 200
Santa Ana, California 92706
Telephone: (714) 550-7720
Facsimile: (714) 550-1251

Attorneys for Defendants NEOCELL CORPORATION,
FATMA BOUKHARI, AKRAM QUADRI, SARAH QUADRI,
DARREN RUDE, MICHAEL NASSAR

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT, SAN DIEGO DIVISION

| | |
|---|---|
| COLLAGEN NUTRACEUTICALS, INC. A California Corporation, <br> Plaintiffs, <br> vs. <br> NEOCELL CORPORATION, a California Corporation; FATMA BOUKHARI, an individual; AKRAM QUADRI, an individual; SARAH QUADRI, an individual; DARREN RUDE, an individual; MICHAEL NASSAR, an individual dba MFN PHARMACEUTICAL CONSULTING SERVICES, and DOES 1-20, <br> Defendants. <br><br> NEOCELL CORPORATION, a California Corporation <br> Counterclaimant, <br> vs. <br> COLLAGEN NUTRACEUTICALS, INC. A California Corporation; AHMAD ALKAYALI, an individual, and ROES 1-10, inclusive <br> Counterclaim Defendants. | CASE NO: 3:09-CV-02188-DMS-WVG <br><br> Complaint Filed:   October 5, 2009 <br><br> Assigned to Hon. William Gallo <br> Ctrm F <br><br> **NOTICE OF AND MOTION FOR (1) AN ORDER COMPELLING TERRI ALKAYALI'S COMPLIANCE WITH SUBPOENA, AND (2) THE IMPOSITION OF CONTEMPT SANCTIONS ON TERRI ALKAYALI; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:    Friday, September 17, 2010 <br> Time:    2:00 p.m. <br> Place:   Ctrm F, 1st Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on Friday, September 17, 2010 at 2:00 p.m. or as soon thereafter as the matter may be heard, in Courtroom F of this Court, located at 940 Front Street, San Diego, California, Defendant NeoCell Corporation will, and hereby does, move for an order compelling compliance with the Subpoena issued to Terri Akayali in this matter. This Motion is made on the grounds that Terri Alkayali was served with a subpoena for deposition and production of documents after numerous attempts were made to arrange for her deposition through Plaintiff/Counterclaim Defendants' counsel. Counterclaim Defendant Ahmad Alkayali is Terri Alkayali's husband and Terri Alkayali is a director and officer of Plaintiff/Counterclaim Defendant Collagen Nutraceuticals, Inc. Terri Alkayali has failed and refused to appear for deposition and produce the requested documents pursuant to the subpoena.

The Motion is based on this notice of motion, the attached declarations, the attached supporting memorandum, the papers, records, and file herein, and such evidence as may be presented at the hearing of the motion.

Dated: August 5, 2010                         SMITH, CHAPMAN & CAMPBELL

By:  *s/ Mark T. Kearney*
Steven C. Smith, Esq., SBN: 116246
John S. Clifford, Esq., SBN 172263
Mark T. Kearney, Esq., SBN 219707
SMITH, CHAPMAN & CAMPBELL
1800 NORTH Broadway – Suite 200
Santa Ana, California 92706
Telephone: (714) 550-7720
Facsimile: (714) 550-1251
ssmith@smithchapman.com
jclifford@smithchapman.com
mkearney@smithchapman.com

*Attorney for Defendants NeoCell Corporation, Fatma Boukhari, Akram Quadri and Sarah Quadri, Darren Rude & Michael*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Every effort has been made to cooperate with Ahmad Alkayali (and Collagen Nutraceuticals, Inc.) and his attorney in connection with discovery in this matter pursuant to the Court's instructions at the initial conference. Alkayali, however, has taken advantage of such efforts by pushing every discovery attempt to the limit, requiring Defendants' attorneys to expend hours on meet and confer efforts and scheduling. It was only after months of persistent efforts by Defendants' counsel that Alkayali finally appeared for his own deposition and produced requested documents.

Now, Alkayali's wife, Terri Alkayali, has failed and refused to appear for her deposition. After months of trying to coordinate Terri Alkayali's deposition with Alkayali's attorney and being lead to believe that a subpoena would not be necessary for the deposition, Defendants' counsel was finally told that Terri Alkayali would not be produced for deposition. Defendants' counsel then arranged for a subpoena to be served, but Terri Alkayali dodged service for weeks. Finally, a "stake out" needed to be conducted by the process server to serve Terri Alkayali. Two days before the scheduled deposition, Alkayali's attorney informed Defendants' attorney that Terri was not going to appear for deposition.

These discovery abuses cannot be tolerated any longer. Terri Alkayali has now inexcusably refused and failed to appear for deposition pursuant to a valid subpoena. Any claim that she was not served is nothing but a lie. Registered California process servers reported their efforts to serve Terri Alkayali. Finally, after weeks of trying to serve Terri Alkayali, a registered California process server was able to serve Terri Alkayali and signed a proof of service under oath attesting to such service. Alkayali's attorney also received notice of the deposition and was obviously aware that Terri Alkayali had been subpoenaed. Despite all of this, Terri Alkayali has refused to appear for deposition.

## II.

## BRIEF STATEMENT OF FACTS

Defendant/Counterclaimant NeoCell Corporation ("NeoCell") is a well known, established, and trusted company in the nutritional supplement business. Plaintiff Collagen Nutraceuticals, Inc. ("Collagen Nutraceuticals") is a company owned, operated, and controlled by Ahmad Alkayali ("Alkayali").

Alkayali had been an exclusive consultant of NeoCell under written contract for years before NeoCell terminated its relationship with Alkayali because, among other reasons, it was discovered that Alkayali had engaged in fraudulent conduct. Alkayali then claimed to own 72% of NeoCell, and a lawsuit over the ownership of NeoCell followed. After trial, the court ruled that Alkayali held no ownership interest in NeoCell.

Following the judgment against Alkayali in the previous lawsuit, Alkayali filed this lawsuit on behalf of Collagen Nutraceuticals. Apparently, while Alkayali was acting as an exclusive consultant of NeoCell, Alkayali fraudulently registered certain trademarks developed and used by NeoCell under the Collagen Nutraceuticals company. Collagen Nutraceuticals now claims that NeoCell infringed on those marks.

Alkayali's deposition was previously taken in this matter. In scheduling Alkayali's previous deposition, Alkayali made various excuses to delay his deposition for months. It was only after repeated scheduling efforts and emails that Alkayali's attorney finally produced Alkayali for deposition. It also took months and repeated meet and confer efforts to get Alkayali to produce requested documents.[1]

---

[1] The numerous meet and confer emails regarding Mr. Alkayali's deposition and the requested documents are not being produced with this Motion given that this Motion relates to the deposition subpoena to Terri Alkayali. However, the numerous emails can and will be produced should Alkayali dispute these statements in response to this motion.

As discussed in full detail below, Alkayali's wife, Terri Alkayali, has now refused and failed to appear for deposition pursuant to a valid deposition subpoena after every effort was made to arrange for Terri Alkayali's deposition with Alkayali's attorney.

## III.

## ARGUMENT

A subpoena is a court order, and an individual served with a subpoena is subject to contempt for failure to comply with the subpoena. Fed. R. Civ. P. 45(e); Blackmer v. United States, 284 U.S. 421, 438 - 440 (1932); also see PaineWebber Inc. v Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y. 2002). Where a subpoena commands attendance for deposition, the subpoenaed party is required to make herself available for deposition, and a desire not to comply with the subpoena is not an adequate excuse for failure to comply with the subpoena. United States v. Snyder, 413 F.2d 288, 289 - 290 (9th Cir. 1969); Higginbotham v. KCS International, Inc., 202 F.R.D. 444, 455 (D. Md. 2001).

Ahmad Alkayali, a counterclaim defendant and the individual who owns, operates, and controls Plaintiff/Counterclaim Defendant Collagen Nutraceuticals, is the husband of the subpoenaed party, Terri Alkayali. During his deposition, Mr. Alkayali identified his wife as one of the individuals who initially formed Collagen Nutraceuticals. Mr. Alkayali claimed that his wife is currently a part owner of Collagen Nutraceuticals. Ahmad Alkayali also claimed that Terri Alkayali came up with the product name "Reversitall," the main trademark at issue in this litigation.

Following the deposition of Ahmad Alkayali, Defendants' counsel contacted Alkayali's attorney to attempt to arrange for the deposition of Terri Alkayali. The first contact was made in or about the beginning of May 2010, more than two months ago. Defendants' counsel provided various available dates for the deposition. Alkayali's attorney did not get back to Defendants' counsel with available dates despite his promises. Defendants' counsel sent an e-mail to Alkayali's attorney on May 25, 2010

again asking for availability and whether he was authorized to accept service of a subpoena to Terri Alkayali. Despite having had weeks to provide the information, Alkayali's attorney claimed that he was still "working on getting dates." This lead Defendants' attorney to believe that Alkayali's attorney would be accepting service of the subpoena and that all that needed to happen was to agree on available dates.

A month later, Alkayali's attorney still had not gotten back to Defendants' counsel with available dates. Defendants' counsel sent another e-mail on June 25, 2010 regarding the deposition. Three days later, Alkayali's attorney responded to the email, stating, "I am not authorized to accept service." It took almost two months for Alkayali's attorney to inform Defendants' counsel as to whether he was authorized to accept service for the subpoena to his client's wife. During that two months, Alkayali's attorney made it seem as though he intended to produce the witness and that he was simply "working on getting dates."

As Alkayali's attorney was now unwilling to accept service of the subpoena, Defendants' attorney was forced to move forward with serving Terri Alkayali with a subpoena for deposition. In attempting to serve Terri Alkayali, it became clear that she was evading service of the subpoena. Apparently, the unfortunate result of Defendants' counsel's attempts to cooperate in scheduling the deposition with Alkayali's attorney was to tip-off Terri Alkayali that her deposition was being sought.

Numerous attempts were made to serve Terri Alkayali with a subpoena. Finally, Defendants' had to order a costly "stake out" with the process server to try to serve Terri Alkayali. Eventually, after about a month of attempting to serve Terri Alkayali, she was served with the subpoena. The deposition was set for July 29, 2010.

On July 27, 2010, just 2 days before the scheduled deposition, Alkayali's attorney sent an email to Defendants' counsel indicating that Terri Alkayali would "not be appearing on the date in your notices." The only excuse provided was that Terri Alkayali claimed that she was not served.

Defendants' counsel immediately responded to the email indicating that Terri Alkayali had been served and that the deposition was going to go forward on the date set forth in the subpoena. Alkayali's attorney responded by again stating that Terri Alkayali would not appear for deposition in accordance with the subpoena.

There is a sworn proof of service signed by a registered California process server who served Terri Alkayali attesting under oath that he served the subpoena on Terri Alkayali.[2] Terri Alkayali was served with a valid subpoena and, without excuse, refused to appear for deposition.

An order compelling Terri Alkayali to comply with the subpoena along with the imposition of contempt sanctions on Terri Alkayali is absolutely justified given Terri Alkayali's brazen refusal to appear for deposition without excuse after she dodged service of the subpoena for weeks. Prior to serving the subpoena, Defendants' counsel made every effort to set up the deposition informally, only to be dragged along for months waiting for dates and eventually being told two months later that Alkayali's attorney would not produce Terri Alkayali for deposition and that she would need to be subpoenaed.

---

[2] While Terri Alkayali was personally served, some courts have not even required personal service of subpoenas. Hall v. Sullivan, 229 F.R.D. 501, 503 - 506 (D. Md. 2005). Furthermore, Ahmad Alkayali testified during his deposition that Terri Alkayali is an owner and director of Plaintiff Collagen Nutraceuticals. As such, service of a subpoena may not even be necessary to require Terri Alkayali to appear for deposition. Fed. R. Civ. P. 37(d)(1)(!)(I). Additionally, there are cases holding that a party to Federal litigation is responsible for his/her relative's attendance at deposition, and notice of the deposition is sufficient to require attendance. Robbins v. Abrams, 79 F.R.D. 600, 602 (S.D.N.Y. 1978).

## IV.
## CONCLUSION

Based on the foregoing, it is respectfully requested that the Court order Terri Alkayali to comply with the subpoena by appearing for deposition and producing all requested documents at Defendants' counsel's office on a date selected by Defendants' counsel. It is furthermore requested that an order to show cause re: contempt be issued and contempt sanctions be imposed against Terri Alkayali.

Dated: August 5, 2010						SMITH, CHAPMAN & CAMPBELL

By:   *s/ Mark T. Kearney*
Steven C. Smith, Esq., SBN: 116246
John S. Clifford, Esq., SBN 172263
Mark T. Kearney, Esq., SBN 219707
SMITH, CHAPMAN & CAMPBELL
1800 NORTH Broadway – Suite 200
Santa Ana, California 92706
Telephone: (714) 550-7720
Facsimile: (714) 550-1251
ssmith@smithchapman.com
jclifford@smithchapman.com
mkearney@smithchapman.com

*Attorney for Defendants NeoCell Corporation, Fatma Boukhari, Akram Quadri and Sarah Quadri, Darren Rude & Michael Nassar*

# CERTIFICATE OF SERVICE

I declare that I am employed in the City of Santa Ana, County of Orange, State of California. I am over the age of eighteen years and not a party to the within action; my business address is: SMITH, CHAPMAN & CAMPBELL, 1800 North Broadway, Suite 200, Santa Ana, California 92706

On August 5, 2010, I served the foregoing document(s): **NOTICE OF AND MOTION FOR (1) AN ORDER COMPELLING TERRI ALKAYALI'S COMPLIANCE WITH SUBPOENA, AND (2) THE IMPOSITION OF CONTEMPT SANCTIONS ON TERRI ALKAYALI; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[x]  by placing the true copies thereof enclosed in sealed envelopes addressed to:

Terri Alkayali
15045 Adams Dr.
Pauma Valley, CA 92061

[ ]  by placing the original thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[ ]  **(BY PERSONAL SERVICE)**
I caused for personal delivery of envelope by hand.

[x]  **(BY MAIL)**
   [ ]  I deposited such envelopes in the mail at Santa Ana, California. The envelopes were mailed with postage thereon fully prepaid.
   [x]  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 5, 2010**, at Santa Ana, California.

_____
Kaylene B. Canaan

# CERTIFICATE OF SERVICE

I declare that I am employed in the City of Santa Ana, County of Orange, State of California. I am over the age of eighteen years and not a party to the within action; my business address is: SMITH, CHAPMAN & CAMPBELL, 1800 North Broadway, Suite 200, Santa Ana, California 92706

On August 5, 2010, I served the foregoing document(s): **NOTICE OF AND MOTION FOR (1) AN ORDER COMPELLING TERRI ALKAYALI'S COMPLIANCE WITH SUBPOENA, AND (2) THE IMPOSITION OF CONTEMPT SANCTIONS ON TERRI ALKAYALI; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[X] **By ELECTRONIC FILE TRANSFER TO ECF FILE & SERVE:** By transmitting a true copy of the document(s) listed above for service on all parties in this case pursuant to applicable statutes, local rules and/or order of the Court.

[ ] **BY FACSIMILE and/or EMAIL)** I sent such document via facsimile or machine to each person listed below. The facsimile machine I used complied with Rule 2003, and the transmission was reported as complete and without error on **August 5, 2010**.

Matthew A. Becker, Esq.
The Law Office of Matthew A. Becker, PC
1003 Isabella Avenue
Coronado, CA 92118
619-522-6760; fax: 619-522-6763
matt@beckerlawfirm.com
Attorneys for Plaintiff Collagen Nutraceuticals, Inc.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 5, 2010**, at Santa Ana, California.

_____
Kaylene B. Canaaan