1  Steven C. Smith, Esq. SBN 116246
   John S. Clifford, Esq. SBN 172263
2  Mark T. Kearney, Esq. SBN 219707
   SMITH, CHAPMAN & CAMPBELL
3  A Professional Law Corporation
   1800 North Broadway, Suite 200
4  Santa Ana, California 92706
   Telephone: (714) 550-7720
5  Facsimile: (714) 550-1251

6  Attorneys for Defendants NEOCELL CORPORATION,
   FATMA QUADRI, AKRAM QUADRI, SARAH QUADRI,
7  DARREN RUDE, MICHAEL NASSAR

8              UNITED STATES DISTRICT COURT

9         SOUTHERN DISTRICT, SAN DIEGO DIVISION

10

11 COLLAGEN NUTRACEUTICALS,      )  CASE NO: 3:09-CV-02188-DMS-WVG
   INC. A California Corporation, )
12            Plaintiffs,         )  Complaint Filed:      October 5, 2009
       vs.                        )
13                                )  Assigned to Hon. William Gallo
   NEOCELL CORPORATION, a         )  Ctrm F
14 California Corporation;  FATMA )
   BOUKHARI, an individual; AKRAM )
15 QUADRI, an individual; SARAH   )
   QUADRI, an individual; DARREN  )
16 RUDE, an individual; MICHAEL   )  **DECLARATION OF MARK T.**
   NASSAR, an individual dba MFN  )  **KEARNEY IN SUPPORT OF**
17 PHARMACEUTICAL                 )  **MOTION FOR (1) AN ORDER**
   CONSULTING SERVICES, and       )  **COMPELLING TERRI**
18 DOES 1-20,                     )  **ALKAYALI'S COMPLIANCE WITH**
            Defendants.           )  **SUBPOENA, AND (2) THE**
19 ──────────────────────────     )  **IMPOSITION OF CONTEMPT**
                                  )  **SANCTIONS ON TERRI ALKAYALI**
20 NEOCELL CORPORATION, a         )
   California Corporation          )  Date:    Friday, September 17, 2010
21                                )  Time:    2:00 p.m.
            Counterclaimant,      )  Place:   Ctrm F, 1st Floor
22     vs.                        )
                                  )
23 COLLAGEN NUTRACEUTICALS,       )
   INC. A California Corporation; )
24 AHMAD ALKAYALI, an individual, )
   and ROES 1-10, inclusive       )
25          Counterclaim Defendants. )
   ──────────────────────────
26

27

28

                    **Decl. of Mark Kearney**

SMITH, CHAPMAN
& CAMPBELL

## DECLARATION OF MARK KEARNEY

I, MARK KEARNEY, declare as follows:

1. I am a partner in the law firm of Smith, Chapman & Campbell, attorneys of record for Defendants and Counterclaimant. I submit this declaration in support of Defendants/Counterclaimant's Motion for (1) An Order Compelling Terri Alkayali's Compliance With Subpoena, and (2) The Imposition of Contempt Sanctions on Terri Alkayali. I have personal firsthand knowledge of the facts stated herein, and could competently testify thereto if called upon to do so.

2. Attached hereto as **Exhibit A** is a true and accurate copy of portions of Ahmad Alkayali's deposition transcript in which he discusses his role and the role of his wife, Terri Alkayali, at Collagen Nutraceuticals, Inc.

3. Following the deposition of Ahmad Alkayali, I contacted Alkayali's attorney to attempt to arrange for the deposition of Terri Alkayali. The first contact to arrange for the deposition was made in or about the beginning of May 2010, over two months ago. We provided various available dates for the deposition. Alkayali's attorney did not get back to us with available dates despite his promises. Attached hereto as **Exhibit B** is true and accurate correspondence that was sent by my paralegal to Alkayali's attorney to try to arrange for the deposition.

4. I sent an e-mail to Alkayali's attorney on May 25, 2010 again asking for availability and whether he was authorized to accept service of a subpoena to Terri Alkayali, a true and accurate copy of which is attached hereto as **Exhibit C**. Despite having had weeks to provide the information, Alkayali's attorney claimed that he was still "working on getting dates." Attached hereto as **Exhibit D** is Alkayali's attorney's response to my May 25, 2010 email. The response lead me to believe that Alkayali's attorney would be accepting service of the subpoena and that all that needed to happen was to figure out available dates.

5. A month later, Alkayali's attorney still had not gotten back to me with available

Decl. of Mark Kearney

SMITH, CHAPMAN
& CAMPBELL

dates.   I sent another e-mail on June 25, 2010 regarding the deposition, a true and accurate copy of which is attached hereto as **Exhibit E**.  Three days later, Alkayali's attorney responded to the email, stating, "I am not authorized to accept service."  A true and accurate copy of that response email is attached hereto as **Exhibit F.** It took almost two months for Alkayali's attorney to inform us as to whether he was authorized to accept service for the subpoena to his client's wife.

6.     As Alkayali's attorney was now unwilling to accept service of the subpoena, we were forced to move forward with serving Terri Alkayali with a subpoena for deposition.  Attached hereto as **Exhibit G** are true and accurate copies of the status updates on service of the subpoena to Terri Alkayali provided by our process server.

7.     Numerous attempts were made to serve Terri Alkayali with a subpoena. Finally, we had to order a "stake out" to try to serve Terri Alkayali.  Eventually, Terri Alkayali was served with the subpoena.  The deposition was set for July 29, 2010.  A true and accurate copy of the subpoena with the proof of service is attached hereto as **Exhibit H**.

8.     On July 27, 2010, just two days before the scheduled deposition, Alkayali's attorney sent me an email indicating that Terri Alkayali would "not be appearing on the date in your notices."  A true and accurate copy of that email with my response to the email is attached hereto as **Exhibit I**.

9.     In my response to the email I indicated that Terri Alkayali had been served and that the deposition was going to go forward on the date set forth in the subpoena. I also highlighted the delay and difficulties encountered in setting up the deposition.  Alkayali's attorney responded by again stating that Terri Alkayali would not appear for deposition.  A true and accurate copy of the response to my email is attached hereto as **Exhibit J.**  In the email Mr. Becker states that he did not know of the attempts to serve Ms. Alkayali.  I recall telling Mr. Becker

Decl. of Mark Kearney

SMITH, CHAPMAN
& CAMPBELL

1   during at least one of our phone conversations that our process server was

2   having trouble serving Terri Alkayali because it appeared that she was evading

3   service.  I would anticipate that Mr. Becker simply forgot that I had told him

4   this.

5   10.   I have spent no less than eight hours on dealing with the above referenced issues

6   and drafting this Motion.  I anticipate spending at least another four hours on

7   drafting a reply to any opposition filed and attending a hearing.  My hourly rate

8   on this file is $300.00 per hour.  As such, my client will incur no less than

9   $3,600.00 in attorneys' fees in connection with this Motion.

10

11      I declare under penalty of perjury that the foregoing is true and correct.

12   Executed this 5th day of August 2010, at Santa Ana, California.

MARK KEARNEY

**Decl. of Mark Kearney**

SMITH, CHAPMAN
& CAMPBELL

# EXHIBIT A

1                    UNITED STATE DISTRICT COURT

2                   SOUTHERN DISTRICT, SAN DIEGO

3

   COLLAGEN NUTRACEUTICALS, INC.,    ) CASE NO: 3:09-CV-
4  A California Corporation,         )         02188-DMS-WVG
                                     )
5              Plaintiff,            )
                                     )
6        Vs.                         )
                                     )
7  NEOCELL CORPORATION, a California )
   Corporation; FATMA BOUKHARI, an   )
8  Individual; AKRAM QUADRI, an      )
   Individual; SARAH QUADRI, an      )
9  Individual; DARREN RUDE, an       )
   Individual; MICHAEL NASSAR, an    )
10 Individual dba MFN PHARMACEUTICAL )
   CONSULTING SERVICES, and DOES     )
11 1-20,                             )
                                     )
12             Defendants.           )
   _____)
13 NEOCELL CORPORATION, a California )
   Corporation                       )
14                                   )
               Counterclaimant,      )
15       Vs.                         )
                                     )
16 COLLAGEN NUTRACEUTICALS, INC., a  )
   California Corporation; AHMAD     )
17 ALKAYALI, an individual, and DOES )
   1-10, inclusive                   )
18             Counterclaim Defendants. )
   _____)
19

20              DEPOSITION OF AHMAD AKLAYALI

21 On Wednesday, April 21, 2010, commencing at the hour of

22  10:08 a.m., at 525 B Street, City of San Diego, County

23  of San Diego, State of California, before me, Rhiannon

24  Smith, Certified Shorthand Reporter, No. 13265, in and

25              for the State of California.

                           2

AHMAD AKLAYALI

BARKLEY
Court Reporters

1

2                    A P P E A R A N C E S

3        FOR PLAINTIFF:

4            MATTHEW A. BECKER
             THE LAW OFFICE OF MATTHEW A. BECKER
5            1003 ISABELLA AVENUE
             CORONADO, CALIFORNIA 92118
6            PHONE: 619-522-6760 FAX: 619-522-6763
             Matt@beckerlawfirm.com

7

8        FOR DEFENDANTS:

9            MARK T. KEARNEY
             JOHN S. CLIFFORD
10           SMITH, CHAPMAN & CAMPBELL
             1800 NORTH BROADWAY, SUITE 200
11           SANTA ANA, CALIFORNIA 92706
             PHONE: 714-550-7720 FAX: 714-550-1251
12           Mkearney@smithchapman.com

13       ALSO PRESENT:

14           DR. MICHAEL NASSAR

15           DARREN RUDE

16

17

18

19

20

21

22

23

24

25

                          3

AHMAD AKLAYALI

BARKLEY
Court Reporters

1    corporation formally changing the name to the secretary

2    of state?

3        A.   I did not.

4        Q.   Did someone --

5        A.   Someone else.

6        Q.   Who did it?

7        A.   The acting CEO at the time Mr. Henry Helms.

8        Q.   Prior to the incorporation of Collagen II

9    Nutrition Inc. Was the company doing any sort of

10   business as a sole proprietorship or in any form?

11       A.   No.

12       Q.   So when it was incorporated that's when the

13   company started doing business; is that correct?

14       A.   Correct.

15       Q.   Who incorporated Collagen II Nutrition Inc. In

16   2000?

17       A.   Mr. Henry Helms.

18       Q.   Who is Henry Helms?

19       A.   He's an individual, was a neighbor in Laguna

20   Beach.

21       Q.   Did he form the company on his own or did he have

22   a partner or partners?

23       A.   My wife and his former company.

24       Q.   I'm sorry?

25       A.   My wife and Mr. Helms' former company.

                                14

BARKLEY
Court Reporters

1    Q.   Okay.   What was your involvement in the formation

2  of the company?

3    A.   None.

4    Q.   Who were the initial shareholders of Collagen II

5  Nutrition Inc.?

6    A.   My wife and Mr. Helms.

7    Q.   Just for clarity sake and for ease of reference

8  I'm going to refer to this company that was initially

9  formed as Collagen II Nutrition Inc. And then the name

10  was changed to Collagen Nutraceuticals Inc. As Collagen

11  Nutraceuticals throughout this deposition.  Will you be

12  able to understand what I'm saying; is that fair?

13    A.   Yes.

14    Q.   What was the initial ownership structure of

15  Collagen Nutraceuticals when it was formed back in 2000?

16    A.   I don't really recall.  I tried to find out some

17  documentation in my file and I couldn't find anything.

18  There's a couple boxes missing and some files be missing

19  during the -- Mr. Quadri went through my stuff so I have

20  no -- I'm missing a couple boxes and some files.

21    Q.   If -- just to make this go a little smoother all

22  you need to do is really answer my question.  If I need

23  to followup and get more information from you I'll go

24  ahead and do that but it's going to be a lot shorter if

25  we just focus on the question.

15

BARKLEY
Court Reporters

1    A.   That's fine, sir.

2    Q.   Okay.  Your wife, what's your wife's name?

3    A.   Terri, t-e-r-r-i.

4    Q.   And what's her full name?

5    A.   Terri Stiles Alkayali.

6    Q.   And how long have the two of you been married?

7    A.   We've been married 15 years or more, 1993.

8    Q.   And you currently reside in California?

9    A.   Yes.

10   Q.   And she currently resides in California?

11   A.   Yes.

12   Q.   Who currently owns the shares of Collagen

13   Nutraceuticals?

14   A.   Shares have not been issued.  The company owned

15   20 percent by me, 20 percent by my wife, and 60 percent

16   my children.

17   Q.   What happened to Henry Helms with respect to his

18   ownership in Collagen Nutraceuticals?

19   A.   I think he left.  He sold his share and left.

20   Q.   Who did he sell his shares to?

21   A.   Back to the company.

22   Q.   When did that occur?

23   A.   I don't have the exact date.  As I said I'm

24   missing some files so I couldn't really give you an

25   exact date.

16

AHMAD AKLAYALI

BARKLEY
Court Reporters

1    A.   No.

2    Q.   And with respect to the ownership -- the other

3    ownership interest in the company are you aware of any

4    agreements with respect to those ownership interest?

5    A.   No.

6    Q.   So as far as you're concerned as you sit here you

7    own 20 percent of Collagen Nutraceuticals and there's no

8    understanding or agreement with anybody with respect to

9    that ownership interest, correct?

10   A.   That's the way I understand.

11   Q.   And the same question for the other ownership

12   interest in Collagen Nutraceuticals?

13   A.   Correct.

14   Q.   How many employees does Collagen Nutraceuticals

15   currently have?

16   A.   Just me and my wife.

17   Q.   What does your wife do for the company?

18   A.   She call accounts.  She's business.

19   Q.   What's her position?

20   A.   She's just a sales, you know, in sales.  She's in

21   sales.  She's vice-president in sales.

22   Q.   When you became involved -- when you became

23   involved in the company -- actually I'm sorry, strike

24   that.

25        When you acquired your 20 percent interest in the

25

BARKLEY
Court Reporters

1           MR. KEARNEY:  Back on the record.

2   BY MR. KEARNEY:

3       Q.  Prior to your acquisition of an ownership

4   interest in Collagen Nutraceuticals are you aware of any

5   director shareholder meetings that the company engaged

6   in.

7       A.  Yes, I believe Mr. Helm and my wife met several

8   times.

9       Q.  Did they hold formal meetings of directors?

10      A.  I don't know what you call formal.  They met to

11  talk about the business.

12      Q.  Would they have formal meetings of the

13  shareholders?

14      A.  I don't recall.  Possible.  I don't know.

15      Q.  And does the corporate book at this point reflect

16  all the shareholder's meetings and director's meetings

17  that took place for the company?

18      A.  I believe so.  You know, there was some and it

19  was in those boxes I was referring to earlier.

20      Q.  Does the company currently have directors?

21      A.  Yes.

22      Q.  Who are the -- who's on the board?

23      A.  I'm a director my wife is a director.

24      Q.  Any others?

25      A.  We're the only two that control the company right

                            27

AHMAD AKLAYALI

BARKLEY
Court Reporters

1   now.

2       Q.   How did you and your wife become directors of the

3   Collagen Nutraceuticals?

4       A.   We have the meeting and vote each other out to be

5   director.

6       Q.   Who was at this meeting?

7       A.   My wife and I and my children.

8       Q.   The children were there?

9       A.   We had meeting with the children when they come

10  visit down here.

11      Q.   Which year was that?

12      A.   Sometime -- they come every year.  We have

13  meeting twice a year, 2004-2003.  I'm not clear about

14  what the dates are.

15      Q.   That's when you think that you and your wife

16  became directors of Collagen Nutraceuticals?

17      A.   My wife was a director with Mr. Helms.

18      Q.   So you believe that you became a director in 2003

19  or 2004?

20      A.   That's about right.

21      Q.   And who are the officers?

22      A.   I'm the officer chief executive officer and the

23  president.

24      Q.   Any others?

25      A.   No.

28

BARKLEY
Court Reporters

1    sale of Reversitall prior to October 8, 2008 Collagen

2    Nutraceuticals gave NeoCell permission to use that mark;

3    is that your testimony?

4        A.   Yes.

5        Q.   So the sales prior to that time as far as you

6    understand of Reversitall by NeoCell was authorized

7    correct?

8        A.   Yes, I was in charge.  I authorize myself to use

9    it yes.

10                MR. BECKER:  Off the record.

11                (Off the record.)

12

13                MR. KEARNEY:  Back on the record.

14   BY MR. KEARNEY:

15       Q.   On March 15th, 2007 when you filed for the

16   Reversitall -- Collagen Nutraceuticals filed the

17   Reversitall trademark who owned Collagen Nutraceuticals

18   at that time?

19       A.   Same people own it today.

20       Q.   Okay.  And you controlled Collagen Nutraceuticals

21   at the time; is that correct?

22       A.   Me and my wife.

23       Q.   Who was in primary control?  You, correct?

24       A.   Me and my wife.

25       Q.   And what was your position with NeoCell on this

                                145

AHMAD AKLAYALI

BARKLEY
Court Reporters

1   day whether the Reversitall mark was filed?

2     A.  I was the owner and the CEO and consultant.

3     Q.  What was your percentage ownership?

4     A.  72 percent.  My wife and I 72 percent,

5   correction.

6     Q.  Prior to October 8th, 2008 you indicated that

7   Collagen Nutraceuticals used the Reversitall mark in

8   connection with this raw ingredient; is that accurate?

9     A.  Correct.

10    Q.  What was the formula for that raw ingredient?

11          MR. BECKER:  Is that a trade secret?  Let's

12   mark the transcript as attorney's eyes only and for this

13   area of questioning and you can have the other two

14   witnesses leave during it.

15          MR. KEARNEY:  Is this something that they

16   don't already know?

17          THE WITNESS:  I don't care.  I don't want

18   them to hear what I'm going to tell you so they better

19   leave.

20          MR. KEARNEY:  Just step out for one second.

21   (ATTORNEYS' EYES ONLY PORTION OF THE TRANSCRIPT BEGINS.)

22

23

24

25

146

BARKLEY
Court Reporters

1      Q.   What were the -- give me an approximation on the

2   anual sales of Collagen Nutraceuticals and Five

3   Continent Enterprises total from 2003 forward?

4      A.   I don't know.   Collagen Nutraceuticals probably 2

5   -- 300 thousand to half a million, maximum.   Five

6   Continent was doing 200,000 up to maybe 6 -- 700,000.

7   That's a range the high and low.

8      Q.   Those are just sales, gross sales?

9      A.   Gross sales.

10     Q.   That's average per year?

11     A.   I -- well, you know, like, last year was nothing,

12  it's 100,000 but there was some years CN did about

13  500,000.

14     Q.   I'll mark as Exhibit 18 a one page-document.

15  It's bates labeled NEO 145.

16               (Defendant's Exhibit 18 was marked for

17               Identification.)

18

19  BY MR. KEARNEY:

20     Q.   Do you recognize the e-mails?

21     A.   Yeah.

22     Q.   And these e-mails are with Mr. Miller, the

23  attorney who you claim was the attorney for Collagen

24  Nutraceuticals?

25     A.   Yes.

137

1   Q.   And the top e-mail is from Sarah Quadri, correct?

2   A.   Yes.

3   Q.   To Mr. Miller?

4   A.   Uh-huh.

5   Q.   And do you recall receiving this e-mail?

6   A.   Not really.  I just receive many e-mails, you

7   know.  I was copied on it, yeah.

8   Q.   I don't see where you were copied on the top

9   e-mail?

10   A.   Not the top but the bottom.

11   Q.   The e-mails from Mr. Miller you're copied on?

12   A.   Uh-huh.

13   Q.   He actually sent it to both of you and only Sarah

14   Quadri responded; is that accurate?

15   A.   Because I told her to do so.

16   Q.   And what was the final Reversitall mark?  Was it

17   the r-e-v-e-r-s-i-t-a-l-l?

18   A.   I believe so.

19   Q.   And it was -- was it prior to that when it was

20   being developed was there an E in there as indicated in

21   the e-mail?

22   A.   What it appeared to be that Mr. Miller

23   misunderstand that they didn't need the E in there so I

24   instructed Sarah to remover the E.

25   Q.   Did you speak with Sarah about -- did you speak

138

AHMAD AKLAYALI

BARKLEY
Court Reporters

1    with Sarah between the time that this e-mail was

2    received from Mr. Miller to the time when Sarah

3    responded to the e-mail?

4        A.   Sarah mentioned it to me and told her it's not

5    what he wants because see the subject is CN name, sir,

6    for Reversitall.   That's what she wrote in here is name,

7    search for registration of Reversitall.   So she ask him

8    to remove the E based on my instruction to her.   She

9    brought to my attention and I said we don't want the E

10   in there.

11       Q.   So the e-mail was received, you talked to Sarah

12   about it, and then she responded; is that your

13   testimony?

14       A.   Based on my instructions to her, yes.

15       Q.   Was your wife involved in that discussion?

16       A.   I told my wife we didn't need the E.   She said to

17   remove the E.   She said I don't want the E in there.

18       Q.   She did.   And that was between the time that Mr.

19   Miller sent his e-mail and the time that Sarah responded

20   to the e-mail?

21       A.   Appeared to be, yeah.

22       Q.   Was your wife at the office?

23       A.   No.

24       Q.   Did you call your wife?

25       A.   I don't know if I called my wife or speak with

139

AHMAD AKLAYALI

BARKLEY
Court Reporters

1    her that day.

2        Q.   Okay.  But I'm talking about the period of time

3    between Mr. Miller sending the e-mail and Miss Quadri

4    responding to the e-mail?

5        A.   I don't really recall.  This has been many years

6    ago so document speaks for themselves.

7        Q.   They do.  Who was involved in the decision to

8    remove the E from the Reversitall mark that was

9    originally contemplated?

10       A.   My wife and I.

11       Q.   Okay.  I'm going to mark as Exhibit 19 a one-page

12   document bates labeled NEO 144.

13              (Defendant's Exhibit 19 was marked for

14              Identification.)

15

16   BY MR. KEARNEY:

17       Q.   This is another e-mail string between Sarah

18   Quadri and Mr. Miller and this is Mr. Miller's e-mail at

19   the bottom appears to be in response to Miss Quadri's

20   instruction to remove the E from that Reversitall; do

21   you see that?

22       A.   Uh-huh.

23       Q.   And Mr. Miller wants to know whether that's what

24   you want; do you see that?

25       A.   Yeah, and she spoke to me and I told her that's

                                140

BARKLEY
Court Reporters

1   what I want.

2       Q.  So did she speak to you after Mr. Miller sent

3   this e-mail dated March 9th, 2007, 10:25 a.m.?

4       A.  That's what the document says.  Documents speak

5   for themselves.

6       Q.  So Miss Quadri independently decided on her own

7   to remove the E and then she checked with you after Mr.

8   Miller inquired to see if that would be okay; is that

9   correct?

10      A.  No, she said, yes, I spoke with him about it and

11  sees what I'm talking about.  I told her to remove the

12  E.

13      Q.  Well, when she see says "sees what I'm talking

14  about" doesn't that sort of mean to you that she came up

15  with the idea and then she had to come to you to see if

16  it was okay with you?

17      A.  No, sir.

18      Q.  That's not how you read that?

19      A.  No.

20      Q.  Mark as Exhibit 20 a one-page document bates

21  labeled CNI 23.

22              (Defendant's Exhibit 20 was marked for

23              Identification.)

24

25  ///

                              141

AHMAD AKLAYALI                              BARKLEY
                                            Court Reporters

1    Q.   And did she transfer this patent over to

2  Collagen?

3    A.   Yes.

4    Q.   When did she do that?

5    A.   I don't really recall.   I would have to look at

6  the assignment documents.   I don't know when.

7    Q.   Other than that patent does your wife own any

8  other patent?

9    A.   Does she own any other patent?

10    Q.   Yes.

11    A.   I don't think so.

12    Q.   Do you personally own any trademarks?

13    A.   No.

14    Q.   And same question for your wife.

15    A.   I don't think so.

16        MR. BECKER:   Just a clarification when you

17  refer to trademarks are you referring to registered

18  or --

19        MR. KEARNEY:   I'm referring to anything that

20  you consider to be trademark whether they be registered

21  or not.

22        THE WITNESS:   She developed the ArthoPet

23  trademark.   It's not registered trademark but she

24  developed that and she actually developed the

25  Reversitall trademark also.

59

AHMAD AKLAYALI

BARKLEY
Court Reporters

# EXHIBIT B

## Kaylene Canaan

| | |
|---|---|
| **From:** | Kaylene Canaan |
| **Sent:** | Wednesday, May 12, 2010 9:49 AM |
| **To:** | 'matt@beckerlawfirm.com' |
| **Cc:** | Mark Kearney; John S. Clifford; Annette Ragone |
| **Subject:** | Collagen v Neocell: Proposed Dates for Depositions |

| | |
|---|---|
| **OutlookEntryID:** | 00000000ACA67BDF51AAE4418B739415AB8421BB070080999314A09EEB45B0FA036014B5114A0018BB8B0027000080999314A09EEB45B0FA036014B5114A002F5884BB9D0000 |
| **TimeMattersID:** | M56759D95A80C438 |
| **TM Contact:** | Quadri, Al |
| **TM Matter No:** | HA35036 |
| **TM Matter Reference:** | Collagen Nutraceuticals v. Neocell |

Mr. Becker:

As a follow up to your conversation with Mark Kearney this morning, we'd like to provide some available dates from our offices for scheduling the depositions we are proposing.

Currently, we'd like to proceed with the following dates and parties in this order:

Terri Alkayali – May 21 (Smith, Chapman & Campbell)
Jorge Hodgers – May 25 (Smith, Chapman & Campbell)
Terry L. Miller – June 1 (Smith, Chapman & Campbell)
Sarah Alkayali – June 4 (Barkley's Denver, CO)
Rachel Alkayali – June 4 (Barkley's Denver, CO)
Asia Alkayali – June 11 (Barkley's New York, NY)

Other dates our office has available is May 19, June 3, June 8, June 10, June 16, June 23, June 29.

Please let us know what works for your offices and how we can coordinate these depos for convenience for all.

Thank you  for your attention in this regard.

~Kaylene

Kaylene B. Canaan

*Paralegal to Douglas M. Campbell, Esq. and Mark T. Kearney, Esq.*
**SMITH, CHAPMAN & CAMPBELL, APLC**
1800 North Broadway, Suite 200, Santa Ana, CA 92706
Tel: (714) 550-7720 x 5032 / Fax: (714) 550-1251 email: kcanaan@smithchapman.com

*The information contained in this communication may be confidential, may be attorney-client privileged, may constitute inside information and is intended only for the use of the addressee. Unauthorized use, disclosure or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately at the number listed above. Thank you.*

## Kaylene Canaan

| | |
|---|---|
| **From:** | Kaylene Canaan |
| **Sent:** | Wednesday, May 19, 2010 12:47 PM |
| **To:** | 'matt@beckerlawfirm.com' |
| **Subject:** | FW: Collagen v Neocell: Proposed Dates for Depositions |

| | |
|---|---|
| **OutlookEntryID:** | 00000000ACA67BDF51AAE4418B739415AB8421BB070080999314A09EEB45B0FA036014 B5114A0018BB8B0027000080999314A09EEB45B0FA036014B5114A002F5884BBC70000 |
| **TimeMattersID:** | ME0009D9BBACF934 |
| **TM Contact:** | Quadri, Al |
| **TM Matter No:** | HA35036 |
| **TM Matter Reference:** | Collagen Nutraceuticals v. Neocell |

**Mr. Becker:**

**Please get back with us regarding availability for depositions as listed below. We need to get these subpoenas out for service and would appreciate a response back so we can mutually lock in some dates.**

**We also want to know if you will be accepting service on behalf of all of the Alkayali's?**

**~Kaylene Canaan**

**From:** Kaylene Canaan
**Sent:** Wednesday, May 12, 2010 9:49 AM
**To:** 'matt@beckerlawfirm.com'
**Cc:** Mark Kearney; John S. Clifford; Annette Ragone
**Subject:** Collagen v Neocell: Proposed Dates for Depositions

Mr. Becker:

As a follow up to your conversation with Mark Kearney this morning, we'd like to provide some available dates from our offices for scheduling the depositions we are proposing.

Currently, we'd like to proceed with the following dates and parties in this order:

Terri Alkayali – May 21 (Smith, Chapman & Campbell)
Jorge Hodgers – May 25 (Smith, Chapman & Campbell)
Terry L. Miller – June 1 (Smith, Chapman & Campbell)
Sarah Alkayali – June 4 (Barkley's Denver, CO)
Rachel Alkayali – June 4 (Barkley's Denver, CO)
Asia Alkayali – June 11 (Barkley's New York, NY)

Other dates our office has available is May 19, June 3, June 8, June 10, June 16, June 23, June 29.

Please let us know what works for your offices and how we can coordinate these depos for convenience for all.

Thank you for your attention in this regard.

~Kaylene

Kaylene B. Canaan

*Paralegal to Douglas M. Campbell, Esq. and Mark T. Kearney, Esq.*

## Kaylene Canaan

| | |
|---|---|
| **From:** | Matthew A. Becker, Esq. [matt@beckerlawfirm.com] |
| **Sent:** | Wednesday, May 19, 2010 3:42 PM |
| **To:** | Kaylene Canaan |
| **Subject:** | RE: Collagen v Neocell: Proposed Dates for Depositions |
| | |
| **OutlookEntryID:** | 00000000ACA67BDF51AAE4418B739415AB8421BB07007B8B27AAF01C374BBE0E9A9045 |
| | 2F4EFD0018BBF9083E00007B8B27AAF01C374BBE0E9A90452F4EFD00342B7DE0210000 |
| **TimeMattersID:** | M064C9D9B0F02234 |
| **TM Contact:** | Becker, Matthew A. |
| **TM Matter No:** | HA35036 |
| **TM Matter Reference:** | Collagen Nutraceuticals v. Neocell |

Thanks for the email.  I will get back to you with some dates and the other info.

```
Matthew A. Becker, Esq.
phn (619) 522-6760
email: matt@beckerlawfirm.com
----------------------------------------------
```

**From:** Kaylene Canaan [mailto:kcanaan@smithchapman.com]
**Sent:** Wednesday, May 19, 2010 12:47 PM
**To:** matt@beckerlawfirm.com
**Subject:** FW: Collagen v Neocell: Proposed Dates for Depositions

Mr. Becker:

**Please get back with us regarding availability for depositions as listed below. We need to get these subpoenas out for service and would appreciate a response back so we can mutually lock in some dates.**

**We also want to know if you will be accepting service on behalf of all of the Alkayali's?**

**~Kaylene Canaan**

**From:** Kaylene Canaan
**Sent:** Wednesday, May 12, 2010 9:49 AM
**To:** 'matt@beckerlawfirm.com'
**Cc:** Mark Kearney; John S. Clifford; Annette Ragone
**Subject:** Collagen v Neocell: Proposed Dates for Depositions

Mr. Becker:

As a follow up to your conversation with Mark Kearney this morning, we'd like to provide some available dates from our offices for scheduling the depositions we are proposing.

Currently, we'd like to proceed with the following dates and parties in this order:

Terri Alkayali – May 21 (Smith, Chapman & Campbell)
Jorge Hodgers – May 25 (Smith, Chapman & Campbell)
Terry L. Miller – June 1 (Smith, Chapman & Campbell)
Sarah Alkayali – June 4 (Barkley's Denver, CO)
Rachel Alkayali – June 4 (Barkley's Denver, CO)
Asia Alkayali – June 11 (Barkley's New York, NY)

Other dates our office has available is May 19, June 3, June 8, June 10, June 16, June 23, June 29.

Please let us know what works for your offices and how we can coordinate these depos for convenience for all.

Thank you  for your attention in this regard.

~Kaylene

Kaylene B. Canaan

***Paralegal to Douglas M. Campbell, Esq. and Mark T. Kearney, Esq.***
**SMITH, CHAPMAN & CAMPBELL, APLC**
1800 North Broadway, Suite 200, Santa Ana, CA 92706
Tel: (714) 550-7720 x 5032 / Fax: (714) 550-1251 email: kcanaan@smithchapman.com

*The information contained in this communication may be confidential, may be attorney-client privileged, may constitute inside information and is intended only for the use of the addressee. Unauthorized use, disclosure or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately at the number listed above. Thank you.*

## Kaylene Canaan

| | |
|---|---|
| **From:** | Kaylene Canaan |
| **Sent:** | Monday, May 24, 2010 3:50 PM |
| **To:** | 'matt@beckerlawfirm.com' |
| **Cc:** | Mark Kearney |
| **Subject:** | RE: Collagen v Neocell: Proposed Dates for Depositions |
| | |
| **OutlookEntryID:** | 00000000ACA67BDF51AAE4418B739415AB8421BB070080999314A09EEB45B0FA036014<br>B5114A0018BB8B0027000080999314A09EEB45B0FA036014B5114A002F5884BBE40000 |
| **TimeMattersID:** | M9FA39D9D466B147 |
| **TM Contact:** | Quadri, Al |
| **TM Matter No:** | HA35036 |
| **TM Matter Reference:** | Collagen Nutraceuticals v. Neocell |

Mr. Becker:

Do you have a minute to look at some availability for depos? Two proposed dates have already passed and we still have not heard from you.

Thank you for your attention to this matter.

~Kaylene

Kaylene B. Canaan

*Paralegal to Douglas M. Campbell, Esq. and Mark T. Kearney, Esq.*
**SMITH, CHAPMAN & CAMPBELL, APLC**
1800 North Broadway, Suite 200, Santa Ana, CA 92706
Tel: (714) 550-7720 x 5032 / Fax: (714) 550-1251 email: kcanaan@smithchapman.com
*The information contained in this communication may be confidential, may be attorney-client privileged, may constitute inside information and is intended only for the use of the addressee. Unauthorized use, disclosure or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately at the number listed above. Thank you.*

**From:** Matthew A. Becker, Esq. [mailto:matt@beckerlawfirm.com]
**Sent:** Wednesday, May 19, 2010 3:42 PM
**To:** Kaylene Canaan
**Subject:** RE: Collagen v Neocell: Proposed Dates for Depositions

Thanks for the email.  I will get back to you with some dates and the other info.

```
Matthew A. Becker, Esq.
phn (619) 522-6760
email: matt@beckerlawfirm.com
-----------------------------------------------
```

**From:** Kaylene Canaan [mailto:kcanaan@smithchapman.com]
**Sent:** Wednesday, May 19, 2010 12:47 PM
**To:** matt@beckerlawfirm.com
**Subject:** FW: Collagen v Neocell: Proposed Dates for Depositions

**Mr. Becker:**

**Please get back with us regarding availability for depositions as listed below. We need to get these subpoenas out for service and would appreciate a response back so we can mutually lock in some dates.**

**We also want to know if you will be accepting service on behalf of all of the Alkayali's?**

**~Kaylene Canaan**

**From:** Kaylene Canaan
**Sent:** Wednesday, May 12, 2010 9:49 AM
**To:** 'matt@beckerlawfirm.com'
**Cc:** Mark Kearney; John S. Clifford; Annette Ragone
**Subject:** Collagen v Neocell: Proposed Dates for Depositions

Mr. Becker:

As a follow up to your conversation with Mark Kearney this morning, we'd like to provide some available dates from our offices for scheduling the depositions we are proposing.

Currently, we'd like to proceed with the following dates and parties in this order:

Terri Alkayali – May 21 (Smith, Chapman & Campbell)
Jorge Hodgers – May 25 (Smith, Chapman & Campbell)
Terry L. Miller – June 1 (Smith, Chapman & Campbell)
Sarah Alkayali – June 4 (Barkley's Denver, CO)
Rachel Alkayali – June 4 (Barkley's Denver, CO)
Asia Alkayali – June 11 (Barkley's New York, NY)

Other dates our office has available is May 19, June 3, June 8, June 10, June 16, June 23, June 29.

Please let us know what works for your offices and how we can coordinate these depos for convenience for all.

Thank you  for your attention in this regard.

~Kaylene

Kaylene B. Canaan

*Paralegal to Douglas M. Campbell, Esq. and Mark T. Kearney, Esq.*
**SMITH, CHAPMAN & CAMPBELL, APLC**
1800 North Broadway, Suite 200, Santa Ana, CA 92706
Tel: (714) 550-7720 x 5032 / Fax: (714) 550-1251 email: kcanaan@smithchapman.com

*The information contained in this communication may be confidential, may be attorney-client privileged, may constitute inside information and is intended only for the use of the addressee. Unauthorized use, disclosure or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately at the number listed above. Thank you.*

## Kaylene Canaan

| | |
|---|---|
| **From:** | Kaylene Canaan |
| **Sent:** | Thursday, June 10, 2010 12:32 PM |
| **To:** | 'matt@beckerlawfirm.com' |
| **Cc:** | Mark Kearney |
| **Subject:** | Collagen v Neocell: Deposition Dates |
| **Attachments:** | Ntc of Depo - Jorge Hodgers - Amended.pdf; Subpoena - Jorge Hodgers - Amended.pdf |
| | |
| **OutlookEntryID:** | 00000000ACA67BDF51AAE4418B739415AB8421BB070080999314A09EEB45B0FA036014B5114A0018BB8B0027000080999314A09EEB45B0FA036014B5114A002F5884F6460000 |
| **TimeMattersID:** | MFBB29DB29C0A401 |
| **TM Contact:** | Quadri, Al |
| **TM Matter No:** | HA35036 |
| **TM Matter Reference:** | Collagen Nutraceuticals v. Neocell |

Mr. Becker,

These are the dates we have scheduled for depositions.

June 18 -- records only -- US Bank (service has been completed)
June 23 -- Hodgers (proposed date)(service has not been completed yet)
June 29 -- Terry Miller (proposed date)(service has not been completed yet)
July 6 -- Terri Alkayali (proposed date)(service has not been completed yet)

I am attaching amended Subpoena and Notice of Deposition for Jorge Hodgers. Thank you for catching my mistake. Since my WordPerfect file showed the correct date I can only assume that I threw out the correct notice and kept the erroneous notice instead and served that one on you. I apologize for the confusion it has caused.

~Kaylene

Kaylene B. Canaan

*Paralegal to Douglas M. Campbell, Esq. and Mark T. Kearney, Esq.*
**SMITH, CHAPMAN & CAMPBELL, APLC**
1800 North Broadway, Suite 200, Santa Ana, CA 92706
Tel: (714) 550-7720 x 5032 / Fax: (714) 550-1251 email: kcanaan@smithchapman.com
*The information contained in this communication may be confidential, may be attorney-client privileged, may constitute inside information and is intended only for the use of the addressee. Unauthorized use, disclosure or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately at the number listed above. Thank you.*

# EXHIBIT C

**Mark Kearney**

| | |
|---|---|
| **From:** | Mark Kearney |
| **Sent:** | Tuesday, May 25, 2010 10:50 AM |
| **To:** | 'matt@beckerlawfirm.com' |
| **Cc:** | Kaylene Canaan |
| **Subject:** | Collagen v. NeoCell |

Matt,

     We have been trying to work with you on scheduling the depositions of Terri Alkayali, the Alkayali's daughters, Jorge Hodgers, and Terri Miller for weeks now.  I talked to you weeks ago and asked for your availability.  My paralegal has called your office and sent you emails since that time to try to get dates, but you still have not provided your availability.  Three dates that our office had available have come and gone since I first spoke with you.

     We need to know the following by the end of the day Thursday, May 27, 2010: (1) whether you are authorized to accept service of the subpoenas for the daughters and your preferred location for the depositions, and (2) available dates for the depositions (with alternative dates).  If we have not heard from you by that time, we will have no choice but to select dates and send out the notices/subpoenas on Friday.  Obviously, we would rather arrange for your office to accept service of the subpoenas and to schedule the depositions on dates that are acceptable to you, but we will have no choice but to move forward if we do not hear back from you.  If we do not hear back from you and we are forced to select dates and send out the paperwork, we can not later reschedule the depositions to accommodate your schedule.

Thanks,

Mark T. Kearney
Smith, Chapman & Campbell
A Professional Law Corporation
1800 North Broadway, Suite 200
Santa Ana, CA 92706
Tel: 714.550.7720 | Fax: 714.550.1251
email: mkearney@smithchapman.com

CONFIDENTIALITY: The information contained in this communication may be confidential and/or attorney-client privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and permanently delete this e-mail.

# EXHIBIT D

## Mark Kearney

| | |
|---|---|
| **From:** | Matthew A. Becker, Esq. [matt@beckerlawfirm.com] |
| **Sent:** | Tuesday, May 25, 2010 10:54 AM |
| **To:** | Mark Kearney |
| **Cc:** | Kaylene Canaan |
| **Subject:** | RE: Collagen v. NeoCell |

Mark:

As you are aware, you are requesting depositions for numerous nonparties located over three states.  I am working on getting dates that will accommodate the various schedules involved and should have these shortly.

Thank you for your patience.

```
Matthew A. Becker, Esq.
phn (619) 522-6760
email: matt@beckerlawfirm.com
---------------------------------------------
```

**From:** Mark Kearney [mailto:mkearney@smithchapman.com]
**Sent:** Tuesday, May 25, 2010 10:50 AM
**To:** matt@beckerlawfirm.com
**Cc:** Kaylene Canaan
**Subject:** Collagen v. NeoCell

Matt,

We have been trying to work with you on scheduling the depositions of Terri Alkayali, the Alkayali's daughters, Jorge Hodgers, and Terri Miller for weeks now.  I talked to you weeks ago and asked for your availability.  My paralegal has called your office and sent you emails since that time to try to get dates, but you still have not provided your availability.  Three dates that our office had available have come and gone since I first spoke with you.

We need to know the following by the end of the day Thursday, May 27, 2010: (1) whether you are authorized to accept service of the subpoenas for the daughters and your preferred location for the depositions, and (2) available dates for the depositions (with alternative dates).  If we have not heard from you by that time, we will have no choice but to select dates and send out the notices/subpoenas on Friday.  Obviously, we would rather arrange for your office to accept service of the subpoenas and to schedule the depositions on dates that are acceptable to you, but we will have no choice but to move forward if we do not hear back from you.  If we do not hear back from you and we are forced to select dates and send out the paperwork, we can not later reschedule the depositions to accommodate your schedule.

Thanks,

Mark T. Kearney
Smith, Chapman & Campbell
A Professional Law Corporation
1800 North Broadway, Suite 200
Santa Ana, CA 92706
Tel: 714.550.7720 | Fax: 714.550.1251
email: mkearney@smithchapman.com

CONFIDENTIALITY: The information contained in this communication may be confidential and/or attorney-client privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and permanently delete this e-mail.

# EXHIBIT E

**Mark Kearney**

| | |
|---|---|
| **From:** | Mark Kearney |
| **Sent:** | Friday, June 25, 2010 11:06 AM |
| **To:** | 'matt@beckerlawfirm.com' |
| **Subject:** | CN v. NeoCell |

Matt,

      I still have not heard back from you with respect to whether you will agree to accept service of a subpoena for Terri Alkayali.  What is going on?  Please let me know.

Mark T. Kearney
Smith, Chapman & Campbell
A Professional Law Corporation
1800 North Broadway, Suite 200
Santa Ana, CA 92706
Tel: 714.550.7720 | Fax: 714.550.1251
email: mkearney@smithchapman.com

CONFIDENTIALITY: The information contained in this communication may be confidential and/or attorney-client privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and permanently delete this e-mail.

1

**EXHIBIT F**

**Mark Kearney**

**From:**        Matthew A. Becker, Esq. [matt@beckerlawfirm.com]
**Sent:**        Monday, June 28, 2010 4:03 PM
**To:**          Mark Kearney
**Cc:**          khawkes@beckerlawfirm.com
**Subject:**     RE: CN v. NeoCell

Mark:

I am not authorized to accept service.

Please also update me on the time and location of the Terry Miller deposition.  Originally, you scheduled it for tomorrow but when we last spoke you had not served Mr. Miller.

Additionally, we would like to take the depositions of each of the individual defendants (most likely half days) as well as the PMK for NeoCell.  Please advise if there is a week that is best for your schedule and your clients.

Best regards,

```
Matthew A. Becker, Esq.
phn (619) 522-6760
email: matt@beckerlawfirm.com
-------------------------------------------
```

**From:** Mark Kearney [mailto:mkearney@smithchapman.com]
**Sent:** Friday, June 25, 2010 11:06 AM
**To:** matt@beckerlawfirm.com
**Subject:** CN v. NeoCell

Matt,

        I still have not heard back from you with respect to whether you will agree to accept service of a subpoena for Terri Alkayali.  What is going on?  Please let me know.

Mark T. Kearney
Smith, Chapman & Campbell
A Professional Law Corporation
1800 North Broadway, Suite 200
Santa Ana, CA 92706
Tel: 714.550.7720 | Fax: 714.550.1251
email: mkearney@smithchapman.com

CONFIDENTIALITY: The information contained in this communication may be confidential and/or attorney-client privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and permanently delete this e-mail.

# EXHIBIT G

**Kaylene Canaan**

| | |
|---|---|
| **From:** | DDS Customer Service [processstatus@ddslegal.com] |
| **Sent:** | Thursday, June 17, 2010 4:08 PM |
| **To:** | Kaylene Canaan |
| **Subject:** | Status Update 1953145 |

```
Status for order 1953145
Recipient:

Order placed by: Kaylene   Client Name: Smith, Chapman & Campbell

COLLAGEN v. NEOCELL
Case #:  309CV02188DMSWVG

Origin
---------
Mark T. Kearney, Esq.
1800 N Broadway Ste 200
Santa Ana

Destination
-----------------
Terri Alkayali
15045 Adams Dr
Pauma Valley CA 92061

Notes/Status
-------------------
06/12/10   01:50 PM NO ANSWER AT THE DOOR,
THIS IS A SINGLE FAMILY RESIDENCE.
06/15/10   08:55 AM NO ANSWER AT RESIDENCE


Documents
-----------------
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION NOTICE OF TAKING DEPOSITION OF TERRI
ALKAYALI AND REQUEST FOR PRODUCTION OF DOCUMENTS




Court  UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA
Hearing Date:07/06/10  Time:10:00 AM  Dept/Div:
Date Mailed:

Reference:  HA35036

*Automated Message*

Thank you for using DDS!

www.dddslegal.com
```

--
This message has been scanned for viruses and dangerous content by MailScanner, and is
believed to be clean.

**Kaylene Canaan**

| | |
|---|---|
| **From:** | Kaylene Canaan |
| **Sent:** | Thursday, July 08, 2010 12:04 PM |
| **To:** | Mark Kearney |
| **Subject:** | Collagen v Neocell: Service on Terri Alkayali  FW: Status Update 1953145.02 |

| | |
|---|---|
| **OutlookEntryID:** | 00000000ACA67BDF51AAE4418B739415AB8421BB070080999314A09EEB45B0FA036014 B5114A002F588400690000080999314A09EEB45B0FA036014B5114A0030364C05A90000 |
| **TimeMattersID:** | M59539DDD9972814 |
| **TM Contact:** | Quadri, Akram "Al" |
| **TM Matter No:** | HA35036 |
| **TM Matter Reference:** | Collagen Nutraceuticals v. Neocell |

```
-----Original Message-----
From: DDS Customer Service [mailto:processstatus@ddslegal.com]
Sent: Thursday, July 08, 2010 11:57 AM
To: Kaylene Canaan
Subject: Status Update 1953145.02

Status for order 1953145.02
Recipient:

Order placed by: Kaylene   Client Name: Smith, Chapman & Campbell

COLLAGEN v. NEOCELL
Case #:  309CV02188DMSWVG

Origin
---------
Mark T. Kearney, Esq.
1800 N Broadway Ste 200
Santa Ana

Destination
----------------
Terri Alkayali
15045 Adams Dr
Pauma Valley CA 92061

Notes/Status
-------------------
07/01/10  07:45 PM LOCATION IS A
RESIDENCE. NO ANSWER AT DOOR
07/03/10  04:00 PM LOCATION IS A
RESIDENCE. NO ANSWER AT DOOR
07/07/10  04:00 PM STARTED STAKEOUT.  NO
CARS IN OR OUT THE ENTIRE TIME.  THERE WAS A WHITE SUV AND A SILVER TRUCK IN THE DRIVEWAY.
SERVER COULD NOT SEE ANY LIGHTS ON AND THERE WAS NO ACTIVITY. SERVER LEFT AT 11PM
07/08/10  06:45 AM PERSONALLY SERVED
CAUCASIAN FEMALE 50YRS 5'7" 120LBS. BLOND HAIR BROWN EYES SERVER ARRIVED AT LOCATION AT 4AM


Documents
-----------------
```

SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION NOTICE OF TAKING DEPOSITION OF TERRI ALKAYALI AND REQUEST FOR PRODUCTION OF DOCUMENTS

Court  UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA
Hearing Date:07/29/10  Time:10:00 AM  Dept/Div:
Date Mailed:

Reference:  HA35036

*Automated Message*

Thank you for using DDS!

www.dddslegal.com


--
This message has been scanned for viruses and dangerous content by MailScanner, and is believed to be clean.

# EXHIBIT H

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|---|
| Mark T. Kearney, Esq.<br>1800 N Broadway Ste 200 | | (714) 550-7720 | |
| Santa Ana          CA          92706 | | | |
| ATTORNEY FOR (Name          Defendant | | | |

| Insert of Court Name of Judicial District and Branch Court if any |
|---|
| UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA |

| SHORT TITLE OF CASE |
|---|
| COLLAGEN v. NEOCELL |

| 1953145.02 | (HEARING) Date | Time | Dept | Case Number:<br>309CV02188DMSWVG |
|---|---|---|---|---|
| | 07/29/10 | 10:00 AM | | REFERENCE NO.<br>HA35036 |

## DECLARATION OF SERVICE

I, THE UNDERSIGNED, DECLARE UNDER PENALTY OF PERJURY THAT I WAS ON THE DATE HEREIN REFERRED TO OVER THE AGE OF 21 YEARS AND NOT A PARTY TO THE WITHIN ENTITLED ACTION, I SERVED THE:

SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION
NOTICE OF TAKING DEPOSITION OF TERRI ALKAYALI AND REQUEST FOR PRODUCTION OF DOCUMENTS

ON:  Terri Alkayali

IN THE ABOVE MENTIONED ACTION BY DELIVERING TO AND LEAVING WITH THE ABOVE NAMED PERSON A COPY THEREOF, AT:

15045 Adams Dr
Pauma Valley          CA          92061

ON     7/8/2010   AT   6:45:00 AM

WITNESS FEES:          175.76

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING INFORMATION CONTAINED IN THE RETURN OF SERVICE AND STATEMENT OF SERVICE FEES IS TRUE AND CORRECT.

| 7a. Person Serving:     Jonas          Williams | d. The fee for service was          $485.00<br>e. I am: |
|---|---|
| b. DDS Legal Support<br>2900 Bristol St<br>Costa Mesa, Ca 92626 | (1)          not a registered California process server:<br>(3) X     registered California process server:<br>  (i) Independent Contractor |
| c. (714) 662-5555 | (ii) Registration No:                    4005<br>(iii) County:   SAN DIEGO |
| 8. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. | |
| 7/12/2010   Jonas          Williams | X _____<br>SIGNATURE |

## PROOF OF SERVICE

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
SOUTHERN DISTRICT, SAN   District of California

| | |
|---|---|
| COLLAGEN NUTRACEUTICALS, INC. A California Corporation | ) |
| *Plaintiff* | ) |
| v. | ) |
| NEOCELL CORPORATION, FATMA BOUKHARI, AKRAM QUADRI, SARAH QUADRI, DARREN | ) |
| *Defendant* | ) |

Civil Action No. 3:09-CV-02188-DMS-WVG

(If the action is pending in another district, state where:

                            )

**AMENDED**      **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:   Terri Alkayali, 15045 Adams Dr., Pauma Valley, CA 92061

☒ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 1800 N. Broadway, Suite 200 | Date and Time: |
|---|---|
| Santa ana, CA 92706 | Thursday, July 29, 2010 at 10:00 a.m. |

The deposition will be recorded by this method: Stenographically, audibly and/or audiovisually

☒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Request for Production of Documents, Attachment A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 7/12/2010

*CLERK OF COURT*                                    OR

_____                _____
*Signature of Clerk or Deputy Clerk*                 Mark T. Kearney   *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendants
_____ , who issues or requests this subpoena, are:
Mark T. Kearney, Esq., of Smith, Chapman & Campbell located at 1800 N. Broadway, Suite 200, Santa Ana, CA 92706.
Tel. 714.550.7720; Fax. 714.550.1251

AO-88A

**REQUEST FOR PRODUCTION OF DOCUMENTS, ATTACHMENT A**
Terri Alkayali

**DEFINITIONS**

1.  "COLLAGEN" shall mean Plaintiff/Counterclaim Defendant, Collagen Nutraceuticals, Inc.

2.  "ALKAYALI" shall mean Counterclaim Defendant, Ahmad Alkayali.

3.  "NEOCELL" shall mean Defendant/Counterclaimant NeoCell Corporation.

4.  "YOU," "YOUR," and "YOURS" shall mean Terri Alkayali, the party responding to these requests as well as any agents, servants, employees, or other persons acting on her behalf.

5.  The term "DOCUMENTS" is as that term is defined in Federal Rules of Civil Procedure Rule 34, and which includes, but is not limited to, any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

6.  The term "COMMUNICATIONS" shall mean and include any meeting, conference, face-to-face conversation, telephone conversation, or conference or communication used by any media, including computer e-mail, or any other computerized electronic communications, as well as any written, typed, taped, or recorded communication of any kind whatsoever.

**DOCUMENTS REQUESTED**

1.  The Corporate book of COLLAGEN.

2.  All notices of meetings, waivers of notice, and meeting minutes for shareholder meetings of COLLAGEN.

3.  All notices of meetings, waivers of notice, and meeting minutes for director meetings of COLLAGEN.

SMITH, CHAPMAN
& CAMPBELL

4.    The Articles of Incorporation of COLLAGEN.

5.    The Bylaws of COLLAGEN.

6.    The Stock Ledger of COLLAGEN.

7.    All shareholder agreements between shareholders of COLLAGEN.

8.    All agreements relating to shares and/or ownership of COLLAGEN.

9.    All agreements between YOU and NEOCELL.

10.   All agreements between YOU and COLLAGEN.

11.   All agreements between COLLAGEN and NEOCELL.

12.   All trademark and patent applications filed by COLLAGEN.

13.   All agreements relating to the marks that are subject of this lawsuit.

14.   All agreements relating to the patent identified in the Complaint in this matter.

15.   All documents and/or things relating to all trademarks pertaining to this matter.

16.   All documents and/or things relating to all patents pertaining to this matter.

17.   All documents that support the claim that the trademarks pertaining to this matter are the property of and/or owned by COLLAGEN.

18.   All documents that support the claim that the patent identified in the Complaint in this matter is the property of and/or owned by COLLAGEN.

19.   All trademark and patent applications filed by COLLAGEN.

20.   All trademark and patent applications filed by ALKAYALI.

21.   All trademark and patent applications filed by YOU.

22.   All invoices and purchase orders for all products sold by COLLAGEN for the period of June 23, 2009 to the present date.

23.   All invoices and purchase orders for all products sold by COLLAGEN that referenced and/or referred to the trademarks pertaining to this matter.

SMITH, CHAPMAN
& CAMPBELL

24. All communications that relate to and/or refer to the trademarks pertaining to this matter.

25. All documents that support the claims of COLLAGEN in this matter.

26. All documents that support Counterclaim Defendants' defenses to the Counterclaim in this matter.

27. All documents that reflect payments made by YOU to COLLAGEN.

28. All documents that reflect payments made by COLLAGEN to YOU.

29. All documents that reflect payments made by YOU to Five Continent Enterprises.

30. All documents that reflect payments made by Five Continent Enterprises to YOU.

31. All documents that reflect payments made by YOU that directly or indirectly through someone else or another entity was to go to COLLAGEN.

32. All documents that reflect payments made to YOU that directly or indirectly through someone else or another entity came from COLLAGEN.

33. All bank records, including bank statements, check registers, and bank receipts, that reflect payments made by YOU to COLLAGEN.

34. All bank records, including bank statements, check registers, and bank receipts, that reflect payments made by COLLAGEN to YOU.

35. All bank records, including bank statements, check registers, and bank receipts, that reflect payments made by YOU to Five Continent Enterprises.

36. All bank records, including bank statements, check registers, and bank receipts, that reflect payments made by Five Continent Enterprises to YOU.

1  37.  All bank records, including bank statements, check registers, and bank
2        receipts, that reflect payments made by YOU that directly or indirectly
3        through someone else or another entity was to go to COLLAGEN.
4  38.  All bank records, including bank statements, check registers, and bank
5        receipts, that reflect payments made to YOU that directly or indirectly
6        through someone else or another entity came from COLLAGEN.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | | TELEPHONE NO.<br>(714) 550-7720 | FOR COURT USE ONLY |
|---|---|---|---|
| Mark T. Kearney, Esq.<br>1800 N Broadway Ste 200 | | | |
| Santa Ana           CA           92706 | | | |
| ..TORNEY FOR (Name)   Defendant | | | |
| Insert of Court Name of Judicial District and Branch Court if any<br>UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA | | | |
| SHORT TITLE OF CASE<br>COLLAGEN v. NEOCELL | | | |

| 1953145.02 | (HEARING) Date<br>07/29/10 | Time<br>10:00 AM | Dept | Case Number:<br>309CV02188DMSWVG<br>REFERENCE NO.<br>HA35036 |
|---|---|---|---|---|

## DECLARATION OF SERVICE

I, THE UNDERSIGNED, DECLARE UNDER PENALTY OF PERJURY THAT I WAS ON THE DATE HEREIN REFERRED TO OVER THE AGE OF 21 YEARS AND NOT A PARTY TO THE WITHIN ENTITLED ACTION, I SERVED THE:

SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION
NOTICE OF TAKING DEPOSITION OF TERRI ALKAYALI AND REQUEST FOR PRODUCTION OF DOCUMENTS

ON:  Terri Alkayali

IN THE ABOVE MENTIONED ACTION BY DELIVERING TO AND LEAVING WITH THE ABOVE NAMED PERSON A COPY THEREOF, AT:

15045 Adams Dr
Pauma Valley           CA           92061

ON    7/8/2010  AT  6:45:00 AM

WITNESS FEES:            175.76

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING INFORMATION CONTAINED IN THE RETURN OF SERVICE AND STATEMENT OF SERVICE FEES IS TRUE AND CORRECT.

| 7a. Person Serving:        Jonas        Williams | d. The fee for service was            $485.00 |
|---|---|
| | e. I am: |
| b. DDS Legal Support<br>2900 Bristol St<br>Costa Mesa, Ca 92626 | (1)        not a registered California process server:<br>(3) X    registered California process server:<br>(i)  Independent Contractor |
| c. (714) 662-5555 | (ii) Registration No:                    4005 |
| ..clare under the penalty of perjury under the laws of the United States of America<br>t.. ..he foregoing is true and correct. | (iii) County:   SAN DIEGO |
| 7/12/2010   Jonas        Williams | X_____<br>            SIGNATURE |

**PROOF OF SERVICE**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c)  Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d)  Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e)  Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**CERTIFICATE OF SERVICE**

I declare that I am employed in the City of Santa Ana, County of Orange, State of California. I am over the age of eighteen years and not a party to the within action; my business address is: SMITH, CHAPMAN & CAMPBELL, 1800 North Broadway, Suite 200, Santa Ana, California 92706

On July 14, 2010, I served the foregoing document(s): **AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION - TERRI ALKAYALI**

[x ]  by placing the true copies thereof enclosed in sealed envelopes addressed to:

Matthew A. Becker, Esq.
The Law Office of Matthew A. Becker, PC
1003 Isabella Avenue
Coronado, CA 92118
619-522-6760; fax: 619-522-6763
Attorneys for Plaintiff Collagen Nutraceuticals, Inc.

[ ]  by placing the original thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[ ]  **(BY PERSONAL SERVICE)**
I caused for personal delivery of envelope by hand.

[ x ]  **(BY MAIL)**

[ ]  I deposited such envelopes in the mail at Santa Ana, California. The envelopes were mailed with postage thereon fully prepaid.
[ x ]  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court

at whose direction the service was made.

Executed on **July 14, 2010**, at Santa Ana, California.

Kaylene B. Canaan
(Print Name)                                           (Signature)

# EXHIBIT I

# Mark Kearney

| | |
|---|---|
| **From:** | Mark Kearney |
| **Sent:** | Tuesday, July 27, 2010 1:57 PM |
| **To:** | 'matt@beckerlawfirm.com' |
| **Cc:** | John S. Clifford; Kaylene Canaan |
| **Subject:** | RE: Depositions |

Matt,

We will get you dates for the individual defendants as soon as possible. Sarah Quadri was just released from an extended stay at the hospital. We obviously want to make sure that she feels well enough before we move forward with her deposition.

With respect to the third party depositions that we subpoenaed, we have been assured that both Ms. Alkayali and Mr. Miller were properly served and we have the executed proofs of service. It is surprising that you are now getting to us with respect to these depositions, as we previously tried to work with your office to arrange for the depositions but you refused to accept service of the subpoenas and/or produce the witnesses. We have been trying to take these depositions for months now. Prior to serving the subpoenas we contacted you multiple times to arrange for the depositions in an attempt to be cooperative. The result of our efforts to cooperate with your office was to apparently tip off the third party witnesses so that they could try to evade service for weeks. Our process server finally had to conduct a "stake out" to get the subpoenas served. This was to the great expense of our client.

I have no problem talking with you about attorney-client privilege issues that you think may arise at the deposition. However, we have no plans to delay the deposition further just because you have raised these issues the day before the scheduled deposition. Call me if you would like to discuss. I don't really know what there is to talk about on the issue. It would probably just be easier to address any issues during the deposition as any issues arise. At this point, it is unclear who Mr. Miller represented, which seems to be something that we would need to know before we can address privilege issues.

We plan on moving forward with the deposition tomorrow and the deposition on Thursday. Both deponents evaded service of the subpoenas for weeks after we tried to cooperate with your office to arrange for the depositions. If the deponents, who were validly served, elect not to show up we will proceed accordingly.

Please feel free to contact me should you wish to further discuss this matter.

Sincerely,

Mark T. Kearney
Smith, Chapman & Campbell
A Professional Law Corporation
1800 North Broadway, Suite 200
Santa Ana, CA 92706
Tel: 714.550.7720 | Fax: 714.550.1251
email: mkearney@smithchapman.com

CONFIDENTIALITY: The information contained in this communication may be confidential and/or attorney-client privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and permanently delete this e-mail.

**From:** Matthew A. Becker, Esq. [mailto:matt@beckerlawfirm.com]
**Sent:** Tuesday, July 27, 2010 11:59 AM
**To:** Mark Kearney

**Cc:** khawkes@beckerlawfirm.com
**Subject:** Depositions

Mark:

I sent you a request for dates to depose the individual defendants weeks back but I have not heard from you.  Please advise as to availability for both you and your clients' schedules.

In addition, last week I received copies of your subpoenas for third party depositions of Terry L. Miller and Terri Alkayali for July 28 & 29, respectively.  I have spoken with each of these third party witnesses and they indicate they were not served with the documents.  As such, both have indicated they will not be appearing on the dates in your notices.

With respect to Mr. Miller, he indicated that he saw a process server throw papers into the flat bed of a truck parked in front of his house.  He does not believe this to be proper service.  In addition, there are issues of attorney client privilege that should be discussed and worked out prior to any deposition.  Please contact me to discuss these issues.

With respect to Ms. Alkayali, she indicates that she was not served at 6:45 am on July 8, 2010 and never received a copy of the papers allegedly served.

Please call me to discuss the above issues.

Best regards,

```
Matthew A. Becker, Esq.
The Law Office of Matthew A. Becker, PC
1003 Isabella Avenue
Coronado, CA 92118
phn (619) 522-6760
fax (619) 522-6763
email: matt@beckerlawfirm.com
-------------------------------------------------
```

```
The information contained in this email message is intended only for the personal and
confidential use of the recipient(s) named above. This message is an attorney/client
communication and/or work product and as such is privileged and confidential. If the
reader of this message is not the intended recipient or an agent responsible for
delivering it to the intended recipient, you are hereby notified that you have received
this document in error and that any review, dissemination, distribution, or copying of
this message is strictly prohibited.  If you have received this communication in error,
please notify us immediately by email, and delete the original message.
```

# EXHIBIT J

## Mark Kearney

| | |
|---|---|
| **From:** | Matthew A. Becker, Esq. [matt@beckerlawfirm.com] |
| **Sent:** | Tuesday, July 27, 2010 3:48 PM |
| **To:** | Mark Kearney |
| **Cc:** | John S. Clifford; Kaylene Canaan; khawkes@beckerlawfirm.com |
| **Subject:** | RE: Depositions |

Mark:

As indicated, neither party will be appearing for the depositions on the dates you noticed.  Going forward will only serve to needlessly drive up costs.  Additionally, Mr. Miller informs me he will be out of town on a previously scheduled vacation.

It is important to note that your requests that I accept service was on behalf of Mr. Alkayali's family members.  I have only recently had contact with Mr. Miller (after your attempted service).  Your allegations to the contrary are disappointing.  If you wish to depose Mr. Miller, I suggest you contact him and arrange a mutually agreeable date for all parties.  I also strongly advise the parties to discuss and try and work out an agreement on the privilege issues.  To haphazardly attempt to address these important issues at the deposition will only result further waste of resources for the parties.

With respect to Ms. Alkayali, I understand she was out of town for some time and her residence is not accessible to the public.  There was no attempt to evade service.  I did not know of your servers attempts and did not discuss these matters with Ms. Alkayali.  Regardless, she was not served and indicates that she never received the paperwork you only recently mailed to me.  It is likely that your process server made a mistake or served another party.

Please contact me if you wish to discuss the matter further.

```
Matthew A. Becker, Esq.
phn (619) 522-6760
email: matt@beckerlawfirm.com
-----------------------------------------------
```

**From:** Mark Kearney [mailto:mkearney@smithchapman.com]
**Sent:** Tuesday, July 27, 2010 1:57 PM
**To:** matt@beckerlawfirm.com
**Cc:** John S. Clifford; Kaylene Canaan
**Subject:** RE: Depositions

Matt,

We will get you dates for the individual defendants as soon as possible.  Sarah Quadri was just released from an extended stay at the hospital.  We obviously want to make sure that she feels well enough before we move forward with her deposition.

With respect to the third party depositions that we subpoenaed, we have been assured that both Ms. Alkayali and Mr. Miller were properly served and we have the executed proofs of service.  It is surprising that you are now getting to us with respect to these depositions, as we previously tried to work with your office to arrange for the depositions but you refused to accept service of the subpoenas and/or produce the witnesses.  We have been trying to take these depositions for months now.  Prior to serving the subpoenas we contacted you multiple times to arrange for the depositions in an attempt to be cooperative.  The result of our efforts to cooperate with your office was to apparently tip off the third party witnesses so that they could try to evade service for weeks.  Our process server finally had to conduct a "stake out" to get the subpoenas served.  This was to the great expense of our client.

I have no problem talking with you about attorney-client privilege issues that you think may arise at the deposition.  However, we have no plans to delay the deposition further just because you have raised these issues the

day before the scheduled deposition.  Call me if you would like to discuss.  I don't really know what there is to talk about on the issue.  It would probably just be easier to address any issues during the deposition as any issues arise.  At this point, it is unclear who Mr. Miller represented, which seems to be something that we would need to know before we can address privilege issues.

We plan on moving forward with the deposition tomorrow and the deposition on Thursday.  Both deponents evaded service of the subpoenas for weeks after we tried to cooperate with your office to arrange for the depositions.  If the deponents, who were validly served, elect not to show up we will proceed accordingly.

Please feel free to contact me should you wish to further discuss this matter.

Sincerely,

Mark T. Kearney
Smith, Chapman & Campbell
A Professional Law Corporation
1800 North Broadway, Suite 200
Santa Ana, CA 92706
Tel: 714.550.7720 | Fax: 714.550.1251
email: mkearney@smithchapman.com

CONFIDENTIALITY: The information contained in this communication may be confidential and/or attorney-client privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and permanently delete this e-mail.

**From:** Matthew A. Becker, Esq. [mailto:matt@beckerlawfirm.com]
**Sent:** Tuesday, July 27, 2010 11:59 AM
**To:** Mark Kearney
**Cc:** khawkes@beckerlawfirm.com
**Subject:** Depositions

Mark:

I sent you a request for dates to depose the individual defendants weeks back but I have not heard from you.  Please advise as to availability for both you and your clients' schedules.

In addition, last week I received copies of your subpoenas for third party depositions of Terry L. Miller and Terri Alkayali for July 28 & 29, respectively.  I have spoken with each of these third party witnesses and they indicate they were not served with the documents.  As such, both have indicated they will not be appearing on the dates in your notices.

With respect to Mr. Miller, he indicated that he saw a process server throw papers into the flat bed of a truck parked in front of his house.  He does not believe this to be proper service.  In addition, there are issues of attorney client privilege that should be discussed and worked out prior to any deposition.  Please contact me to discuss these issues.

With respect to Ms. Alkayali, she indicates that she was not served at 6:45 am on July 8, 2010 and never received a copy of the papers allegedly served.

Please call me to discuss the above issues.

Best regards,

Matthew A. Becker, Esq.
The Law Office of Matthew A. Becker, PC
1003 Isabella Avenue
Coronado, CA 92118
phn (619) 522-6760
fax (619) 522-6763
email: matt@beckerlawfirm.com

----------------------------------------------------

The information contained in this email message is intended only for the personal and confidential use of the recipient(s) named above. This message is an attorney/client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by email, and delete the original message.

# CERTIFICATE OF SERVICE

I declare that I am employed in the City of Santa Ana, County of Orange, State of California. I am over the age of eighteen years and not a party to the within action; my business address is: SMITH, CHAPMAN & CAMPBELL, 1800 North Broadway, Suite 200, Santa Ana, California 92706

On August 5, 2010, I served the foregoing document(s): **DECLARATION OF MARK T. KEARNEY IN SUPPORT OF MOTION FOR (1) AN ORDER COMPELLING TERRI ALKAYALI'S COMPLIANCE WITH SUBPOENA, AND (2) THE IMPOSITION OF CONTEMPT SANCTIONS ON TERRI ALKAYALI**

[x ]    by placing the true copies thereof enclosed in sealed envelopes addressed to:

Terri Alkayali
15045 Adams Dr.
Pauma Valley, CA 92061

[ ]    by placing the original thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

**[ ]    (BY PERSONAL SERVICE)**
I caused for personal delivery of envelope by hand.

**[ x ]    (BY MAIL)**
[_]    I deposited such envelopes in the mail at Santa Ana, California. The envelopes were mailed with postage thereon fully prepaid.
[ x ]    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 5, 2010**, at Santa Ana, California.

_____
Kaylene B. Canaan

SMITH, CHAPMAN
& CAMPBELL

1

### CERTIFICATE OF SERVICE

2      I declare that I am employed in the City of Santa Ana, County of Orange, State
of California.  I am over the age of eighteen years and not a party to the within action;
3   my business address is:  SMITH, CHAPMAN & CAMPBELL, 1800 North Broadway,
Suite 200, Santa Ana, California 92706

4

5      On August 5, 2010, I served the foregoing document(s): **DECLARATION OF
MARK T. KEARNEY IN SUPPORT OF MOTION FOR (1) AN ORDER
6   COMPELLING TERRI ALKAYALI'S COMPLIANCE WITH SUBPOENA,
AND (2) THE IMPOSITION OF CONTEMPT SANCTIONS ON TERRI
7   ALKAYALI**

8      **[X] By ELECTRONIC FILE TRANSFER TO ECF FILE & SERVE:**
By transmitting a true copy of the document(s) listed above for service on
9   all parties in this case pursuant to applicable statutes, local rules and/or
order of the Court.

10     **[   ]  BY FACSIMILE and/or EMAIL)** I sent such document via
facsimile or machine to each person listed below.  The facsimile machine
11   I used complied with Rule 2003, and the transmission was reported as
complete and without error on **August 5, 2010**.

12

13   Matthew A. Becker, Esq.
The Law Office of Matthew A. Becker, PC
14   1003 Isabella Avenue
Coronado, CA 92118
15   619-522-6760; fax: 619-522-6763
matt@beckerlawfirm.com
16   Attorneys    for    Plaintiff    Collagen
Nutraceuticals, Inc.

17

18     I declare that I am employed in the office of a member of the bar of this court

19   at whose direction the service was made.

20     Executed on **August 5, 2010**, at Santa Ana, California.

21

22

23                              Kaylene B. Canaaan

24

25

26

27

28

SMITH, CHAPMAN
& CAMPBELL