UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLAGEN NUTRACEUTICALS, INC., <br><br> Plaintiff, <br> v. <br><br> NEOCELL CORPORATION, ET AL., <br><br> Defendants. | Civil No.09-CV-2188-DMS(WVG) <br><br> ORDER COMPELLING THIRD PARTIES' COMPLIANCE WITH DEPOSITION SUBPOENAS |

Defendants' Motion to Compel Terri Alkayali's Compliance With Subpoena and Motion for Sanctions on Terri Alkayali (Doc. No. 30) and Motion to Compel Terry L. Miller's Compliance with Subpoena and Motion for Sanctions on Terry L. Miller (Doc. No. 31) is GRANTED in part and DENIED in part.

A.  BACKGROUND

In early May 2010, Defendants attempted to arrange third party depositions for two individuals by informally requesting their appearance through Plaintiff's counsel. Defendants requested to depose Terri Alkayali and also Terry Miller. After Defendants ordered a costly "stake out" Terry Miller was served on June 30, 2010, and Terri Alkayali was served on July 8, 2010, with notice of depositions to occur July 28 and 29. On July 27, 2010, counsel for Plaintiff, Mr. Becker, notified Defendants that neither Mr. Miller nor Ms. Alkayali were personally served and would not appear for the scheduled depositions.

////

B.      DISCUSSION

Rule 45 mandates personal service for subpoenas. See Chima v. United States Dep.t of Defense, 2001 WL 1480640, at * 2 (9th Cir. Dec. 14, 2001) (unpublished decision) (service by mail probably improper). Federal Rule of Civil Procedure, Rule 4, generally governs service of process. The provisions of Rule 4 delineating the manner of service are construed liberally to uphold service. See Crane v. Battelle, 127 F.R.D. 174, 177 (S.D. Cal. 1989). Courts generally hold that "even if the defendant receives actual notice, the manner of service of process must substantially comply with Rule 4 requirements." See Crane, 127 F.R.D. at 177. While a process server's return of process is generally accepted as prima facie evidence of how service was effected, that presumption can be overcome by strong and convincing evidence. See S.E.C. v. Internet Solutions for Business Inc., 509 F.3d 1161, 1163 (9th Cir. 2007); O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993); Hicklin v. Edwards, 226 F.2d 410, 414 (8th Cir. 1955). Nonetheless, "a mere allegation ... that process was not served, without some additional showing of evidence is insufficient to refute the validity of an affidavit of service." 1-4 Moore's Federal Practice-Civil § 4 .100.

In the instant dispute, no other method than personal service has been attempted. Mr. Miller did not file opposition to this pending motion. Ms. Alkayali opposed the motion by attempting to raise credibility issues to discredit the process servers' declarations.

Mr. Miller

Defendants submit a declaration from Fred McCulloch, the process server who served Mr. Miller. The process server explains that he approached Mr. Miller after dark on the night of June 30, 2010 in the course of a stake out. He describes Mr. Miller's initial failure to accept the subpoena and attached documents, and that once Mr. Miller did accept the documents, Mr. Miller threw them back towards the process server into the bed of the truck between Mr. Miller and the process server. The server also notes that within a week of service, a ripped up check that was given to Mr. Miller for witness fees with the subpoena, was found at the office door where the process server works. The proof of service notes a physical description of Mr. Miller as "Caucasian male 62 yrs 6'1" 180 lbs., gray hair." The attached record of attempted service further demonstrates a long record of fruitless visits to Mr. Miller's home. Nonetheless, Mr. Becker's email of Tuesday July 27, 2010, indicates that Mr. Becker

spoke with Mr. Miller and that Mr. Miller noticed "a process server throw papers into a flat bed of a truck parked in front of his house. He does not believe this to be proper service."

### Ms. Alkayali

Jonas Williams, the process server who served Ms. Alkayali, also provided a declaration detailing how and when Ms. Alkayali was served. Mr. Williams claims that the many times he fruitlessly attempted service it was clear someone was home, but refused to answer the door. Finally upon a stake out, at 6:45 am on July 8, 2010, Mr. Williams was able to knock on the door, and Ms. Alkayali opened the door and eventually confirmed her identity. The notes from that encounter indicate that the server gave the documents to a "caucasian female 50 yrs 5'7" 120 lbs, (with) blonde hair brown eyes."

Mr. Becker's email on the afternoon of July 27, 2010 indicates that "Ms. Alkayali ... was out of town for some time and her residence is not accessible to the public. There was no attempt to evade service." Ms. Alkayali also provides a declaration in opposition to the contention that she was personally served. She notes that physical access is not possible to the property due to two locked gates, a long driveway, and guard dogs. She also provides a recent photo of herself that indicates she is 140 lbs not 120 and no longer keeps short blonde hair. The process server, Jonas William counters that he was actually at the correct property and that the two gates are not always locked, therefore he was able to effect service on Ms. Alkayali.

C.   Ruling

The Court finds that Mr. Miller and Ms. Alkayali have failed to demonstrate strong and convincing evidence to rebut the process servers' declarations. For example, Mr. Miller concedes that there were documents in a truck. Ms. Alkayali similarly does not provide strong and convincing evidence to contradict the process server's declaration. A mere propensity to lock both gates does not guarantee that either gate was actually locked on the date of service. Additionally, the substantial record of attempted service lends further credibility to the process servers' declaration. Accordingly, Mr. Miller is ORDERED to submit to deposition on October 12 and Ms. Alkayali is ORDERED to submit to deposition on October 13. Mr. Miller and Ms. Alkayali shall acknowledge receipt of this order sent via certified mail by returning the certified mailing receipt. The Court must receive acknowledgment no

1  later than one week from the date the individual accepts receipt of the certified mail. If confirmation of
2  receipt is not received, the United States Marshall Service will be enlisted to personally notify the third
3  parties, with the third parties to bear the costs of such notice. Additionally, failure to appear at the
4  scheduled deposition will result in sanctions against the third parties including the Defendants' cost to
5  prepare the motion at issue and other appropriate expenditures, currently estimated at no less than
6  $3,600. Counsel for Plaintiff and Defendants are ordered to resolve the attorney client privilege issues
7  involved in deposing Mr. Miller, prior to the date of his deposition.

10 DATED:  September 17, 2010

_____
Hon. William V. Gallo
U.S. Magistrate Judge